## BERNSTEIN v. N. V. NEDERLANDSCHE-AMERIKAANSCHE STOOMVAART–MA-ATSCHAPPIJ (CHEMICAL BANK & TRUST CO., Third-Party Defendant).

United States District Court
S. D. New York.

Oct. 19, 1949.

Bennet, House & Couts, New York City, for plaintiff (Victor House and Bernard A. Finkel, New York City, of counsel).

Burlingham, Veeder, Clark & Hupper, New York City, for defendant and third-party plaintiff (Roscoe H. Hupper, Norman M. Barron and Hervey C. Allen, Jr., New York City, of counsel).

Shearman .& Sterling & Wright, New York City, for third-party defendant (John

A. Wilson, M. Van Voorhies and John P. Humes, of New York City, of counsel).

COXE, District Judge.

This is a motion by plaintiff, pursuant to Federal Rules of Civil Procedure, rule 12 (b), 28 U.S.C.A., for an order striking out the answer of the third-party defendant (Chemical Bank & Trust Company) to plaintiff's third amended complaint and dismissing the counterclaim set forth therein on the grounds that, as the third amended complaint and the answer and counterclaim do not involve a federal question and the plaintiff and the third-party defendant are both citizens of the same State (New York), this court lacks jurisdiction over the person of the plaintiff with respect to the answer and counterclaim and the counterclaim fails to state a claim upon which relief can be granted in this action.

The counterclaim alleges that, if a certain agreement by which Bernstein transferred title to all the capital stock of the Red Star Line to one Boeger, as trustee for the Bank, be void or voidable by plaintiff on account of any coercion or duress, as alleged in the complaint, or otherwise, or if plaintiff is held entitled to recover any amount from the defendant and third-party plaintiff (Holland-America Line) by reason of any matters alleged in the complaint, or otherwise, then there is due and owing from the Red Star Line to the Bank a sum in excess of $1,412,319.42, with interest, for which Bernstein is individually personally liable to the bank upon his personal guarantee thereof. Judgment is then demanded against Bernstein individually, in at least this amount, with interest, and offsetting such amount against any claim of Bernstein, as the temporary receiver of the Red Star Line.

It was held in Bernstein v. N. V. Nederlandsche etc., 2 Cir., 173 F.2d 71, 78, that the claim of the Holland-America Line against the Bank was only ancillary to the plaintiff's suit for the purpose of adjusting their rights inter sese, and that diversity of citizenship between the plaintiff and the third-party defendant was unnecessary. Citing Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841, and Friend v. Middle

Atlantic Transportation Co., 2 Cir., 153 F.2d 778.

The amendments to Rule 14, in effect March 19, 1948, provide:

"The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim.

"The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

I think these amendments to Rule 14 fully support the Bank's right, regardless of the lack of diversity of citizenship between it and the plaintiff or of the lack of a federal question, not only to set up such defenses to the plaintiff's third amended complaint as the Holland-America Line has, but to plead its counterclaim against the plaintiff. Clearly, this counterclaim is one "arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

The case of Friend v. Middle Atlantic, supra, decided in 1946, is not to the contrary. In that case the plaintiff (a woman) was injured in a collision with a truck, and she brought suit in the Connecticut State Court against the owner of the truck and the truck driver, alleging joint negligence. The suit was then removed to the United States Court in Connecticut on the ground of diversity, and subsequently the defendants obtained an order bringing in the husband of the plaintiff, who was driving the automobile in which she was riding when injured. The plaintiff thereupon amended her complaint so as to charge the husband also with negligence. There was no diversity between the plaintiff and her husband, and the holding of the Circuit Court of Appeals was, in effect that the suit could not be maintained by the plaintiff against him without diversity of citizenship. In the present suit the plaintiff is not affirmatively asserting any claim against the Bank, and the new Rule allows the Bank not only to set up defenses to the plaintiff's claim, but also to assert a coun-

terclaim where it arises out of the "transaction or occurrence" involved in the plaintiff's claim.

The plaintiff's motion to strike the answer of the Chemical Bank & Trust Company to the plaintiff's third amended complaint, and to dismiss the counterclaim stated therein, is denied.