## SHVERHA v. MARYLAND CAS. CO. (ALBRIGHT, third-party defendant).

### Civ. No. 11238.

United States District Court,
E. D. Pennsylvania.

Feb. 18, 1953.

C. Brewster Rhoads, Sidney L. Wickenhaver (of Montgomery, McCracken, Walker & Rhoads) Philadelphia, Pa., for Joseph M. Shverha, plaintiff.

Robert C. Kitchen and Richard A. Smith, Philadelphia, Pa., for Maryland Cas. Co., defendant and third-party plaintiff.

Philip B. Driver, Jr. (of Harper, Buchanan & Driver) Philadelphia, Pa., for William B. Albright, third-party defendant.

James J. O'Brien (of Fox, Rothschild, O'Brien & Frankel), and Edward H. Cushman, Philadelphia, Pa., for Francis X. Hope, Jr., trustee in Bankruptcy of William B. Albright.

FOLLMER, District Judge.

The plaintiff, Joseph M. Shverha, a citizen of Pennsylvania, instituted an action in the Court of Common Pleas of Berks County, Pennsylvania, against the defendant Maryland Casualty Company, a Maryland corporation, on a performance bond covering a construction contract of one

William B. Albright, also a citizen of Pennsylvania. The suit was removed to this Court on the ground of diversity of citizenship. Maryland Casualty Company as Third-party plaintiff thereafter brought in William B. Albright, the contractor, as a third-party defendant, alleging an indemnity agreement. Albright in his answer seeks to include a counterclaim against plaintiff Shverha on an alleged balance due on "extras" in connection with the contract.

Plaintiff's action against Maryland Casualty Company has been dismissed by the parties. Plaintiff's motion to dismiss the counterclaim is pending.

The difference between compulsory counterclaims under Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and permissive counterclaims under Rule 14, as well as. the question whether those involved are or are not "opposing" parties, must be kept in mind. Professor Moore[1] gives a clear and concise illustration as follows:

"(1) A.B. brings suit against C.D., who impleads E.F. E.F. must counterclaim against C.D. in the situations governed by Rule 13(a), since C.D. and E.F. are 'opposing' parties within the meaning of Rule 13.

"(2) E.F. may counterclaim against C.D. pursuant to Rule 13(b).

"(3) E.F. may not counterclaim against A.B. under Rule 13, since they are not 'opposing' parties. Under Rule 14(a) he may, however, 'assert' a claim against A.B. arising out of the same transaction or occurrence that is the subject matter of the plaintiff's claim against C.D., but this is not a true counterclaim since the parties are not 'opposing parties' prior to its service. If E.F. asserts such a claim against A.B., however, they become opposing parties and A.B. must counterclaim against E.F. in the situations covered by Rule 13(a) and may counterclaim under Rule 13(b).

"(4) If A.B. asserts a claim against E.F. arising out of the same subject matter as his original claim against C.D., E.F. must counterclaim against A.B. in the situations covered by Rule 13(a), and may counterclaim pursuant to Rule 13(b)."

As to a claim by plaintiff against a third-party defendant he points out:[2]

"In the first edition of this Treatise the view was taken that if, as permitted under the Rule, plaintiff A.B. amended his complaint to state a claim against the third-party defendant E.F., independent grounds of jurisdiction would be required to support plaintiff's claim against E.F. The concept of ancillary jurisdiction was not regarded as extending so far as to permit a plaintiff, by this roundabout method, to recover a judgment against a citizen of the same state on a non-federal cause of action. The courts, with almost complete unanimity, have taken this view. * * *"

And as to a claim by the third-party defendant against the plaintiff, he states:[3]

"Even where the plaintiff asserts no claim against the third party, Rule 14 authorizes the third party to do two things in relation to the plaintiff. (1) He may assert against the plaintiff any defenses which the third-party plaintiff (the defendant) has to the plaintiff's claim.' This right is given since he is bound by the adjudication of the third-party plaintiff's liability to the plaintiff. Since the third party is injecting nothing extraneous to the subject matter over which the court has jurisdiction and is not seeking affirmative relief there is no reason to require independent jurisdictional grounds in support of this right. (2) The second right given by Rule 14 is this: 'The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occur-

1. Moore's Federal Practice, Second Edition, Vol. 3, Par. 14.17.

2. Moore's Federal Practice, Second Edition, Vol. 3, Par. 14.27(1).

3. Moore's Federal Practice, Second Edition, Vol. 3, Par. 14.27(2).

rence that is the subject matter of the plaintiff's claim against the third-party plaintiff.' The provision is permissive; the third party is not required to assert the claim. Procedurally the provision is sound and closely akin to the original joinder of claims authorized by Rules 18 and 20. It is correlative to the permissive right accorded the plaintiff to assert a claim against the third party 'arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff (the defendant).' Since, as we have seen, the plaintiff may avail himself of this procedural right only where there is an independent jurisdictional ground to support his claim against the third party, it must follow that if the third party takes the initiative to assert a claim against the plaintiff there must be independent jurisdictional grounds in support thereof. * * *"

This reasoning is sound and it follows that Albright's counterclaim was without jurisdictional basis and cannot be allowed to stand. Whether, had the original action not been dismissed, the claim could have been considered in the nature of a defense without a demand for affirmative relief becomes moot with such dismissal of the original action.

Albright, subsequent to the attempted institution of the counterclaim, was adjudicated a bankrupt and the Trustee has sought leave to be substituted. For whatever advantage it may have for the Trustee, such as conducting any appellate procedure, if contemplated, such substitution is being allowed.[4] It does not, however, change the situation as to the counterclaim. At the time the counterclaim was filed by Albright there was no jurisdiction, and jurisdiction is determined on the basis of conditions existing at the time the action is instituted.[5] Moreover, the counterclaim was filed by Albright prior to bankruptcy, the Trustee's right is derivative from the bankrupt and it is the bankrupt's, not the Trustee's citizenship that is determinative.[6]

An order will be entered accordingly.

---

4. Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595.

5. Lyons v. Weltmer, 4 Cir., 174 F.2d 473.

6. Weintraub v. Fitzgerald Bros. Brewing Co., D.C.S.D.N.Y., 40 F.Supp. 473; Stiefel v. 14th Street & Broadway Realty Corp., 2 Cir., 48 F.2d 1041; Whitman v. Chicago & N. W. Ry. Co., D.C.Minn., 70 F.Supp. 9; Young v. First Nat. Bank of Chicago, D.C.N.D.Ill., 85 F.Supp. 68; In re Standard Gas & Electric Co. Hastings v. H. M. Byllesby & Co., D.C.Del., 30 F. Supp. 21, affirmed, 3 Cir., 119 F.2d 658; Rockmore v. New Jersey Fidelity & Plate Glass Ins. Co., 2 Cir., 65 F.2d 341.