JAMES KING & SON, INC., Plaintiff,

v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant and Third-Party Plaintiff,

George F. Sauter and Kenneth Sauter, individually and as co-owners, doing business under the firm name and style of G. F. Sauter & Son, Third-Party Defendants.

United States District Court
S. D. New York.
Oct. 29, 1959.

Havens, Wandless, Stitt & Tighe, New York City, for plaintiff, Adelbert C. Matthews, Jr., and Alan Prigal, New York City, of counsel.

Samuel Gottesman, New York City, for defendant and third-party plaintiff.

Murray Feigenbuam, New York City, for third-party defendant.

RYAN, Chief Judge.

These two motions are filed by the plaintiff, James King & Son, Inc. to strike from the answer of third-party defendants G. F. Sauter & Son an affirmative defense and a claim which the third-party defendants assert against the plaintiff.

It is alleged in the pleadings that plaintiff, a New York corporation, with its principal place of business at 350 Fifth Avenue, New York City, contracted on March 21, 1957, with the Hospital Association of the City of Schenectady, New York, to make certain additions and alterations to the Ellis Hospital. The contract provided that the work was to be substantially completed within twenty-six months from the date of contract.

On April 25, 1957, the plaintiff and G. F. Sauter & Son (a partnership composed of George F. Sauter and Kenneth Sauter, both of whom are New York residents) entered into a contract whereby Sauter agreed to perform electrical work included in the Ellis Hospital contract and further undertook to provide plaintiff with a bond to guarantee performance. Such a surety bond in the sum of $220,000, executed on May 13, 1957 by defendant Indemnity Insurance Company of North America, was delivered to plaintiff.

A dispute arose between plaintiff and Sauter, each claiming that the other failed to comply with its obligations under the April 25, 1957 contract. Neither one made demand to resolve the dispute through the arbitration provisions of the contract. Plaintiff declared Sauter in default and on October 21, 1958 notified Indemnity of this alleged default. Plaintiff, on June 1, 1959, commenced this suit against Indemnity in the New York Supreme Court, New York County, by serving the Superintendent of Insurance of the State of New York. Indemnity, a Pennsylvania corporation with its principal place of business in Philadelphia, filed a petition for removal

in this Court on June 12, 1959. Later, and on June 19, 1959, pursuant to an order of this court, defendant Indemnity served Sauter with a third-party complaint.

It is to this answer of the third-party defendants that these motions are addressed. It pleads as a first affirmative defense the failure of the plaintiff to make any demand pursuant to the arbitration provision of the contract within the period of time specified therein for such demand. It further pleads affirmative claims for relief against the plaintiff, totalling $49,233.13.

Specifically, then, the plaintiff moves, pursuant to Rule 12(f), to strike the first affirmative defense as insufficient in law and plaintiff also moves to dismiss the affirmative claim urging that a federal question is not presented and the plaintiff and third-party defendants are all citizens of New York and there is no diversity jurisdiction.

We consider first plaintiff's motion to strike the affirmative claim.

■ Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that, "The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." However, it must be read with Rule 82, which provides that, "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

■ The right of a third-party defendant to assert a claim against the plaintiff must be supported by independent jurisdictional grounds, (Shverha v. Maryland Gas Co., D.C., 110 F.Supp. 173). The third-party defendants attempt to distinguish this case by insisting that the case at bar is concerned with a compulsory counterclaim. The Shverha case, supra, did deal with a compulsory counterclaim under Rule 14. The

very wording of Rule 14 excludes permissive counterclaims as defined by Rule 13 (b).

■ The third-party defendants further argue that a failure to plead their compulsory counterclaims would bar them from ever raising them again. This argument is without merit in the present circumstances. Since this Court has no jurisdiction over the claims which the third-party defendants assert against the plaintiff, we may not adjudicate that matter in any manner to the prejudice of any party. A contrary ruling, too, would provide the third-party defendants with a right which they could not enjoy in a New York court, where a third-party defendant may not counterclaim against the original plaintiff unless the plaintiff amends his complaint to include direct claims against the third-party defendant (New York Civil Practice Act, § 193–a, subd. 3).

The claim of the third-party defendants is stricken and dismissed without prejudice.

We come then to the plaintiff's motion to strike the first affirmative defense to plaintiff's complaint. Sauter's defense is based upon the arbitration provision of the contract, which provides that arbitration shall be a condition precedent to a legal action

■ Sauter urges that by virtue of plaintiff's failure to resort to arbitration within the time specified therefor, plaintiff is barred from instituting this action. We must test the soundness of Sauter's defense against the requirements of the law of New York (Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188).

■■ An agreement which provides that arbitration shall be a condition precedent to legal action is valid in New York State (The President, etc. of D. & H. Canal Co. v. Pennsylvania Coal Co., 50 N.Y. 250, at page 266). Service of an answer without asserting the affirma-

tive defense of an arbitration agreement is a waiver thereof (Zimmerman v. Cohen, 236 N.Y. 15, 139 N.E. 764; Syracuse Plaster Co. v. Agostini Building Corp., 169 Misc. 564, 7 N.Y.S.2d 897) and when the agreement is pleaded it rebuts any inference of waiver that would otherwise be drawn from the mere service of an answer (Hosiery Manufacturers Corp. v. Goldston, 238 N.Y. 22, 143 N.E. 779).

■ In spite of this, it is not permissible to employ an affirmative defense for the purpose of asserting the agreement, since § 1451 of the New York Civil Practice Act provides the third-party defendants with an exclusive remedy (American Reserve Insurance Co. v. China Insurance Co., 297 N.Y. 322 at pages 326–327, 79 N.E.2d 425, 427, wherein Judge Conway wrote:

"We think that the stay provided for in this section is the *exclusive* remedy for a person against whom an action has been brought in violation of an agreement to arbitrate. The Legislature has provided a means of enforcing that which was previously unenforcible; the defendant in such an action must use those means or none at all. This court has indicated—and lower courts have held—that it is not even proper for the defendant in such an action to plead the arbitration agreement as a defense or counterclaim." (Italics are Judge Conway's.)

This is controlling in this suit.

The motion to strike the third-party defendants' first affirmative defense is granted without prejudice to any right of the third-party defendants to pursue any appropriate procedural remedy available to them.

Settle order on notice, with leave to third-party defendants to serve an amended answer within twenty days thereafter.