**HEINTZ & CO., Inc., Plaintiff,**

v.

**PROVIDENT TRADESMENS BANK AND TRUST COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Donald M. KERR, Donald M. Kerr, Inc., and Suburban Marketers, Inc., Third-Party Defendants and Counterclaimants.**

**Civ. A. No. 29951.**

United States District Court
E. D. Pennsylvania.

April 25, 1962.

See also 29 F.R.D. 144.

Francis E. Shields, Philadelphia, Pa., for plaintiff.

Joseph Head, John Francis Gough, Philadelphia, Pa., for third-party defendants.

JOSEPH S. LORD, III, District Judge.

Plaintiff sued defendant alleging that defendant negligently permitted one Kerr to open a bank account in plaintiff's name and to draw checks on that account without plaintiff's knowledge or authority. Most of the checks here involved which were so drawn by Kerr were either to himself or to corporations which he controlled (Donald M. Kerr, Inc., and Suburban Marketers, Inc.). Defendant join-

ed Kerr, Kerr, Inc., and Suburban Marketers, Inc., (hereafter collectively referred to as "Kerr") as third-party defendants, alleging liability over. All of the third-party defendants have filed "counterclaims" against plaintiff under F.R.Civ.P. 14, 28 U.S.C.A. for services rendered and materials furnished to plaintiff in connection with the establishment of plaintiff's Philadelphia branch office, of which Kerr was office manager.

The claim of Kerr individually is $5,199.35; that of Kerr, Inc., is $9,-583.70 and that of Suburban Marketers, Inc., is $1,346.09. Plaintiff has now moved to dismiss because, although there is diversity between plaintiff and third-party defendants, the "counterclaims" lack the requisite federal jurisdictional amount.

Rule 14 now[1] provides in pertinent part:

"* * * The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. * * *"

In Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926), speaking of former Equity Rule 30, the Court said, at page 610, 46 S.Ct. at page 371:

"* * * 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * *"

In Great Lakes Rubber Corporation v. Herbert Cooper, 286 F.2d 631 (C.A.3, 1961), Chief Judge Biggs said, at page 634:

"* * * Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. * * *"

Cf. Lesnik v. Public Industrials Corporation, 144 F.2d 968, 975 (C.C.A.2, 1944).

Viewed in their totality, we think the Kerr claims must be regarded as arising out of the transaction or occurrence that is the subject of the plaintiff's claim. The transaction involved was the establishment of the Philadelphia office, Kerr's appointment as manager, and his conduct in respect to the management of the office. Plaintiff has not made claim against defendant for any checks drawn by Kerr to other than these third party defendants, in effect admitting that plaintiff received the benefit of these other expenditures. The issue, then, will be the propriety of any payments to Kerr for services. The counterclaims are claims for additional services rendered by Kerr and allegedly unpaid. We regard the "transaction" as being the whole relationship between plaintiff and Kerr and hence we conclude that, if otherwise maintainable, the Kerr claims fall within the ambit of Rule 14.

We come, then, to the question: are independent grounds of federal jurisdiction necessary to support a claim for relief by a third party defendant against a plaintiff under Rule 14?

Before the amendments to the Rules in 1946, there was no provision in Rule 14 for the assertion of a claim against the plaintiff by a third party defendant. Such a claim could be asserted, if at all, only under the counterclaim provisions of Rule 13: Atlantic Coast Line R. Co. v. United States Fidelity & Guaranty Co., 52 F.Supp. 177, 187 (M.D.Ga., 1943). But Rule 13 provided only for a counterclaim against an "opposing party." For a variety of reasons, the courts have con-

---

1. Since the amendments of 1946.

sistently held that a plaintiff may not amend to state a claim against a third party defendant absent independent federal jurisdiction. Hence, where plaintiff either did not or could not amend, the plaintiff and the third party defendant were not "opposing parties". Under such circumstances, the claim of the third party defendant was without the purview of Rule 13 and could not stand: Morris, Wheeler & Co., Inc. v. Rust Engineering Co., 4 F.R.D. 307 (Del., 1945).

The Advisory Committee Notes on the 1946 Amendments state (see 28 U.S.C.A. ff. Rule 14):

" * * * A new sentence has also been inserted giving the third-party defendant the right to assert directly against the original plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. This permits all claims arising out of the same transaction or occurrence to be heard and determined in the same action. * * * "

Case law as to the jurisdictional requirements for a third party defendant's claim since 1946 is scanty. Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., 9 F.R.D. 557 (S.D.N.Y., 1949), held that independent jurisdiction is not necessary. Shverha v. Maryland Cas. Co., 110 F.Supp. 173 (E.D.Pa., 1953) and James King & Son, Inc. v. Indemnity Insurance Company of North America, 178 F.Supp. 146 (S.D.N.Y., 1959) held that it is. The Shverha case was based solely and entirely on a conclusion of Professor Moore and the King case relied solely on Shverha, without independent rationalization. This was the statement from Moore (3 Moore, "Federal Practice", § 14.28, p. 503):

" * * * Since, as we have seen, the plaintiff may avail himself of this procedural right [the right to assert by amendment a claim against third party defendant] only where there is an independent jurisdictional ground to support his claim against the third party, it must follow that if the third party takes the initiative to assert a claim against the plaintiff there must be independent jurisdictional grounds in support thereof. * * * "

We are constrained, with the utmost respect, to disagree with Professor Moore and with the two cases which followed his conclusion.

■ It is a tenet of long settled antiquity that once a federal court has validly acquired jurisdiction, its jurisdiction extends to all matters "ancillary" to the main cause of action, even though the ancillary matters lack federal jurisdictional requisites: Lesnik v. Public Industrials Corporation, 144 F.2d 968, 973–974 (C.C.A.2, 1944). This was true even before the Rules of Civil Procedure in equity practice, where Equity Rule 30 provided for the assertion of a counterclaim if it arose out of the same transaction. Moore v. New York Cotton Exchange, et al., 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). Similarly, since the adoption of the Rules, ancillary actions have been retained in the absence of independent federal jurisdiction in the form of compulsory counterclaims under Rule 13(a) [Great Lakes Rubber Corporation v. Herbert Cooper, 286 F.2d 631 (C.A.3, 1961)]; cross-claims under Rule 13(g) [Childress v. Cook, 245 F.2d 798, 805 (C.A.5, 1957); Collier v. Harvey et al., 179 F.2d 664, 667 (C.A.10, 1949)]; and claims by intervenors under Rule 24(b) [United States, to Use and for Benefit of Foster Wheeler Corporation v. American Surety Co. of New York, 142 F.2d 726 (C.C.A.2, 1944); cf. Carter Oil Co. v. Wood, et al., 30 F.Supp. 875 (E.D.Ill., 1940)]. Hence, if the third party defendant's claim here is "ancillary", there appears to us no sound reason for this court to reject it.

■ One difficulty perhaps lies in the definition of the somewhat vague and amorphous concept of "ancillary". We know, of course, that a compulsory coun-

terclaim under Rule 13(a) is ancillary, as was the counterclaim under Equity Rule 30. The only distinction between a counterclaim under Rule 13(a) and the sort of claim we have before us under Rule 14 is that defendant "must" plead his counterclaim under Rule 13(a) if it grows out of the same transaction or occurrence, whereas under Rule 14, the third party "may" plead his claim for relief. But this, we think, is a distinction without a difference. The ancillary nature of the claim is not to be determined by whether the pleader "must" or "may" assert it, but by its relation to the transaction that is the subject of the main suit. The claim must be pleaded because the Rules so require; it does not become ancillary merely because it must be pleaded.

In Fraser v. Astra Steamship Corp. et al., 18 F.R.D. 240 (S.D.N.Y., 1955), the court said, at pages 241–242:

"* * * Because a compulsory counterclaim under Rule 13(a) arises out of the same 'transaction or occurrence' set forth in the complaint, it is said to be 'ancillary' to the main action; and it derives its jurisdictional basis from that which supports the main action. * * *"

In Great Lakes Rubber Corporation v. Herbert Cooper Co., Inc., 286 F.2d 631, 633 (C.A.3, 1961), supra, it was said:

"* * * It is stated frequently that the determination of ancillary jurisdiction of a counterclaim in a federal court must turn on whether the counterclaim is compulsory within the meaning of Rule 13(a). Such a statement of the law relating to ancillary jurisdiction of counterclaims is not intended to suggest that Rule 13(a) extends the jurisdiction of the federal courts to entertain counterclaims for the Federal Rules of Civil Procedure cannot expand the jurisdiction of the United States courts.

What is meant is that the issue of the existence of ancillary jurisdiction and the issue as to whether a counterclaim is compulsory are to be answered by the same test. It is not a coincidence that the same considerations that determine whether a counterclaim is compulsory decide also whether the court has ancillary jurisdiction to adjudicate it. The tests are the same because Rule 13 (a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts. * * *"

We see no sound reason to depart from the traditionally accepted standard of "ancillary" in respect to claims under Rule 14. Nor, if such claim is found to be ancillary within that standard do we see any reason to apply jurisdictional standards that are different, more rigid and more exacting than those applied in any other ancillary proceeding.

We have no particular fear of the possibilities of collusion. That possibility would certainly be present had a resident plaintiff been permitted to amend to claim against a resident third party defendant. Plaintiff would need only to select an original defendant who would cooperate in bringing on the record the defendant whom plaintiff really wanted. But here, the third party defendant has not selected the initial defendant; plaintiff itself selected it. The third party defendant has no choice of an original defendant; he has no means of assuring cooperation.

Nor are we troubled by the fact that the third party defendant has taken "the initiative to assert a claim against plaintiff": cf. 3 Moore, Federal Practice, § 1428, p. 503. An intervenor under Rule 24(b) has quite clearly initiated litigation and yet intervention needs no independent jurisdictional grounds.[2]

2. See Wichita Railroad & Light Company v. Public Utilities Commission of the State of Kansas, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124 (1922), decided before the adoption of the Rules; and Foster Wheeler Corporation v. American Surety

United States to Use and for Benefit of Foster Wheeler Corporation v. American Surety Co. of New York, 142 F.2d 726 (C.C.A.2, 1944), was an action against a surety on a performance bond. The contractor for whom defendant was surety was permitted on its own motion to intervene as a party defendant. After intervention, the contractor filed a counterclaim against the original plaintiff, which was sustained although no diversity existed between plaintiff and intervening defendant. The court said, at page 728:

"* * * The counterclaim it filed against the plaintiff was likewise properly allowed although there was no diversity of citizenship to support jurisdiction. It was based on an alleged breach of the same contract on which the plaintiff sued. Although the intervenor could not have sued the plaintiff in the first instance on that contract in a federal court, yet when the plaintiff sued upon it under the Miller Act and the intervenor became a party to that suit no additional ground of jurisdiction was needed to support the counterclaim. * * *"

If "initiation" can have degrees, one who actively seeks to be made a party defendant and who then asserts a claim against plaintiff is a far greater initiator than one who is in the first place made a party defendant without his own volition. Certainly, if the claim of the former does not require independent grounds of jurisdiction, it would seem *a fortiori* that the claim of the latter should not.

The conclusion we have reached here, we think, comports with basic aims of the Federal Rules. It disposes of the entire controversy. In Lesnik v. Public

Industrials Corporation, 144 F.2d 968 (C.C.A.2, 1944), the court said, at page 973:

"* * * These rules are a part of that fundamental tenet of modern procedure that joinder of parties and of claims must be greatly liberalized to provide at least for the effective settlement at one time of all disputes of which parts are already before the court. * * *"

Nor does the retention of a claim for relief by a third party defendant against the plaintiff without independent jurisdictional grounds enlarge federal jurisdiction in violation of Rule 82. In Lesnik, supra, it was said (page 973):

"* * * But jurisdiction is not extended by mere devices making possible more complete adjudication of issues in a single case, when based upon jurisdictional principles of long standing, even though the effectiveness of the new devices makes their use more frequent. Cf. Freeman v. Bee Machine Co., 319 U.S. 448, 454, 63 S.Ct. 1146, 87 L.Ed. 1509. Obviously a mere broadening of the content of a single federal action must not be confused with the extension of federal power; otherwise, such recognized steps as the union of law and equity or the free joinder of counterclaims would be dragged into the ambit of jurisdictional prohibitions, while actually they compress and desirably reduce the bulk and amount of federal litigation. * * *"

Cf. Great Lakes Rubber Corporation v. Herbert Cooper Co., Inc., 286 F.2d 631 (C.A.3, 1961), supra.

We hold, then, that a claim by a third party defendant against a plaintiff under

Co. of New York, 142 F.2d 726 (C.C.A. 2, 1944); Northeast Clackamas County Electric Co-Operative, Inc. v. Continental Casualty Company, 221 F.2d 329, 333 (C. A. 9, 1955); Berman v. Herrick et al., E.D.Pa., 30 F.R.D. 9, 1962, Luongo, J., holding diversity unnecessary for in-

tervention since the adoption of the Rules. The same rule has been followed with respect to jurisdictional amount in the case of intervention: Berman v. Herrick, et al., supra; cf. State of Maryland for Use of Scott v. Taylor, 140. F.Supp. 801 (Md., 1956).

Rule 14 growing out of the same transaction that is the subject matter of plaintiff's suit is ancillary and does not require independent federal jurisdiction. The motion to dismiss the third party claim is DENIED.