UNION BANK & TRUST COMPANY,
a corporation, Plaintiff,

v.

ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a corporation, De-
fendant and Third-Party Plaintiff,

v.

Richard L. PUTNAM, individually and dba
Industrial Tile & Terrazzo Company,
Dean E. Erickson, Twila Mae Hartman
and Aaron Hartman, Third-Party De-
fendants.

Civ. No. 631–L.

United States District Court
D. Nebraska.

June 9, 1965.

R. Robert Perry and Earl J. Witthoff,
Lincoln, Neb., for plaintiff.

Herman Ginsburg, Lincoln, Neb., for
third-party defendant Dean E. Erickson.

VAN PELT, District Judge.

The question for determination is
whether independent jurisdiction is need-
ed for a third-party defendant to assert
a claim against the plaintiff pursuant to
Federal Rule 14. The matter is before
the court on the motion of plaintiff to
strike the third-party defendant's coun-
terclaim for $7,890.00. The third-party
defendant, Dean E. Erickson, a citizen
and resident of Nebraska, has filed with
his amended separate answer a counter-
claim against the plaintiff, a Nebraska
corporation. In addition to the jurisdic-
tional issue the motion to strike further
asserts that the counterclaim raises mat-
ters not a part of the same transaction or
occurrence and raises an issue presently
being litigated in the District Court for
the State of Nebraska, Lancaster County.

The relevant portion of Federal Rule
14 provides:

"The third-party defendant may as-
sert against the plaintiff any de-
fenses which the third-party plain-
tiff has to the plaintiff's claim. *The
third-party defendant may also as-
sert any claim against the plaintiff
arising out of the transaction or oc-
currence that is the subject matter
of the plaintiff's claim against the
third-party plaintiff.* The plaintiff
may assert any claim against the
third-party defendant arising out of
the transaction or occurrence that is
the subject matter of the plaintiff's
claim against the third-party plain-
tiff, and the third-party defendant
thereupon shall assert his defenses
as provided in Rule 12 and his coun-
terclaims and cross-claims as pro-
vided in Rule 13."

There is a definite and irreconcilable
split of authority on the jurisdictional
point raised by the motion to strike.
Professor Moore takes the position that
independent jurisdiction is needed.

"The cases are in disagreement
on the requirement of independent
jurisdictional grounds to support
the third-party defendant's claim
against the plaintiff. Since it is
analogous to a compulsory counter-
claim under Rule 13(a), the right
might be considered ancillary to the
main action. However, the over-
whelming weight of authority, which
requires independent jurisdiction
for a claim asserted by the plain-

tiff against the third party, militates against a contrary rule when the third party takes the initiative to exercise a corresponding right in claiming against the plaintiff. Admittedly, there is, in such instances, little chance of a collusive attempt to circumvent diversity limitations; only by the most remote coincidence could a third party find a friendly defendant to implead him, ostensibly on a claim of recovery over, but in reality for the purpose of allowing the third party to assert a claim against the plaintiff. In addition, it may be argued that the plaintiff, by bringing his action, has submitted to all claims arising out of the 'transaction or occurrence' that is the subject matter of his claim against the defendant. Similar contentions could be made, however, in favor of allowing the plaintiff to claim against the third party regardless of the presence of independent grounds of jurisdiction: first, the court may always exercise its discretionary powers to deny impleader when the third-party complaint shows no genuine grounds for recovery over; secondly, the very purpose of Rule 14 is to settle related matters in one action if it can be done without extending federal jurisdiction. As a result, a rule that independent grounds of jurisdiction need not exist in cases where the third party seeks to assert a claim against the plaintiff would require a reversal of existing authority in the converse situation." 3 Moore, Federal Practice, Par. 14.27 [2], pp. 724–726.

Moore's view was followed in Shverha v. Maryland Cas. Co., 110 F.Supp. 173 (E.D.Pa.1953) and James King & Son, Inc. v. Indemnity Ins. Co. of North America, 178 F.Supp. 146 (S.D.N.Y. 1959). Chief Judge Ryan in James King

& Son, Inc., in spite of a prior decision from the same district taking the opposite position,[1] noted:

"The right of a third-party defendant to assert a claim against the plaintiff must be supported by independent jurisdictional grounds, [citing Shverha]. The third-party defendants attempt to distinguish this case by insisting that the case at bar is concerned with a compulsory counterclaim. The Shverha case, supra, did deal with a compulsory counterclaim under Rule 14. The very wording of Rule 14 excludes permissive counterclaims as defined by Rule 13(b)." 178 F.Supp. at 148.

The case for ancillary jurisdiction is stated in Heintz & Co. v. Provident Tradesmens Bank and Trust Co., 30 F.R.D. 171 (E.D.Pa.1962). After reviewing the history and theory of ancillary jurisdiction, the court remarked:

"We see no sound reason to depart from the traditionally accepted standard of 'ancillary' in respect to claims under Rule 14. Nor, if such claim is found to be ancillary within that standard do we see any reason to apply jurisdictional standards that are different, more rigid and more exacting than those applied in any other ancillary proceeding.

"We have no particular fear of the possibilities of collusion. That possibility would certainly be present had a resident plaintiff been permitted to amend to claim against a resident third party defendant. Plaintiff would need only to select an original defendant who would cooperate in bringing on the record the defendant whom plaintiff really wanted. But here, the third party defendant has not selected the initial defendant; plaintiff itself selected

1. Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 9 F.R.D. 557 (S.D.N.Y.1949).

it. The third party defendant has no choice of an original defendant; he has no means of assuring cooperation.

"Nor are we troubled by the fact that the third party defendant has taken 'the initiative to assert a claim against plaintiff': cf. 3 Moore, Federal Practice, § 1428, p. 503. An intervenor under Rule 24 (b) has quite clearly initiated litigation and yet intervention needs no independent jurisdictional grounds.

\* \* \* \* \* \*

"If 'initiation' can have degrees, one who actively seeks to be made a party defendant and who then asserts a claim against plaintiff is a far greater initiator than one who is in the first place made a party defendant without his own volition. Certainly, if the claim of the former does not require independent grounds of jurisdiction, it would seem *a fortiori* that the claim of the latter should not.

"The conclusion we have reached here, we think, comports with basic aims of the Federal Rules. It disposes of the entire controversy." [2] 30 F.R.D. at 174–175.

As previously noted, another judge from the southern district of New York has passed on this issue. In Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 9 F.R.D. 557 (S.D.N.Y.1949) the 1946 amendment to Rule 14 allowing the third-party defendant to assert claims against a plaintiff received its initial interpretation. Without any notable discussion of ancillary jurisdiction Judge Coxe held that independent jurisdictional grounds were unnecessary to enable the third party de-

fendant to assert its claim against the plaintiff. He stated:

"I think these amendments to Rule 14 fully support the Bank's right, regardless of the lack of diversity of citizenship between it and the plaintiff or of the lack of a federal question, not only to set up such defenses to the plaintiff's third amended complaint as the Holland-America Line has, but to plead its counterclaim against the plaintiff. Clearly, this counterclaim is one 'arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff' ". 9 F.R.D. at 558.

Judge Holtzoff also takes this position. Although not so expressly stating in his treatise, he has elsewhere voiced displeasure with the rule requiring independent jurisdiction. In fact, he would permit the plaintiff to assert a claim against the third-party defendant. See Holtzoff Entry of Additional Parties in a Civil Action, 31 F.R.D. 101, 110 (1963) where the following appears:

"It would seem, perhaps, that a separate basis for jurisdiction and venue should not be needed to justify the assertion of the plaintiff's claim as against a third-party defendant. The prevailing view is, however, to the contrary. This attitude from a practical standpoint, may lead to failure of justice in some cases. Some of the beneficent aspects of third-party practice may be frustrated. As a matter of theory and logic, it would seem reasonable to hold that a third-party claim is ancillary and auxiliary to the main suit for all purposes, and not only as between the third-party plaintiff and the third-party defendant."

2. Interestingly, this case, which is contra to Shverha v. Maryland Cas. Co., supra, and expressly disapproves of it, arose in the same district. Judge Joseph S. Lord III authored the Heintz opinion where-

as Shverha was written by Judge Frederick V. Follmer. Both Judges are presently on the bench, although Judge Follmer is in the more recently created Middle District of Pennsylvania.

This identical view is espoused by Professor George B. Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27, 41 (1964). And in the situation where the third-party defendant is asserting a claim against the plaintiff Fraser's position is stated thusly:

"It has been stated that a claim by a third-party defendant against the plaintiff must meet the jurisdictional requirements because the claim by a plaintiff against a third-party defendant must satisfy the jurisdictional requirements. However, it is not believed that this conclusion is inevitable because the position of the parties is different. The third-party defendant was brought into the action involuntarily whereas the plaintiff initiated the proceeding. Therefore, the third-party defendant's claim should be deemed to be ancillary although the plaintiff may have to satisfy the jurisdictional requirements in order to assert a claim against the third-party defendant. Nevertheless, * * * it is not believed that a plaintiff's claim against a third-party defendant must satisfy the jurisdictional requirements."

Upon consideration of all arguments, both for and against the exercise of ancillary jurisdiction, which have been made by the varying authorities and legal scholars, it is the feeling of this court that the concept of ancillary or pendent jurisdiction is soundly and justifiably applied in an instance such as this. Certainly the doctrine itself is established beyond all peradventure and the trend toward upholding its application in the numerous situations which arise under Federal Rules 13 and 14 is unmistakable. If a defendant's claim against a third-party may be factually unrelated to the main claim and still be within the court's ancillary jurisdiction, then certainly a third-party defendant's claim against the plaintiff, which necessarily is closely re-lated to the main claim, should also be cognizable. It is thus this judge's position that insofar as the jurisdictional basis of the third-party defendant's claim against the plaintiff is concerned the motion to strike should be denied.

The court is of the further opinion that the matters raised in the third-party defendant's counterclaim arise out of the "transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff," to-wit: the "check kiting" scheme alleged to have been practiced upon the plaintiff by the third-party defendants. For this reason also the motion to strike should be denied.

In all other respects the counterclaim of the third-party defendant Dean E. Erickson appears properly before the court.

It is therefore ordered by the court that the plaintiff's motion to strike the third-party defendant's counterclaim be, and the same is hereby, overruled and denied.