**William A. BURESCH, Plaintiff,**

v.

**AMERICAN LaFRANCE, Defendant,**

v.

**BOROUGH OF BETHEL PARK, Bethel Park Volunteer Fire Department, a/k/a Bethel Volunteer Firemen's Relief Association, Third-Party Defendants.**

**Civ. A. No. 67-1382.**

United States District Court
W. D. Pennsylvania.

Sept. 23, 1968.

On Motion for Amendment of Order
Sept. 27, 1968.

---

Brennan & Brennan, Pittsburgh, Pa., for plaintiff.

Howard K. Hilner, Pittsburgh, Pa., for defendant.

Stein & Winters, Pittsburgh, Pa., for third-party defendants.

## MEMORANDUM ORDER

GOURLEY, Chief Judge.

In this civil proceeding, the matter before the court is the plaintiff's motion for leave to amend his complaint in order to sue the third-party defendant who was brought upon the record by the original defendant. No diversity of citizenship exists between the plaintiff and third-party defendant.

A complete hearing has been held in open court, and the court has reviewed the briefs and the prevailing law relative to this question. Although it is true, as the third-party defendant alleges, that the weight of authority indicates that there must be diversity of citizenship between the plaintiff and the third-party defendant, there is a considerable trend to the contrary. Furthermore, in Rule 14 of the Federal Rules of Civil Procedure, there is no expressed provision that diversity is in fact required. The Rule provides as follows:

> "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and

his counterclaims and crossclaims as provided in Rule 13."

■■ It would seem to this member of the court that to deny pendent jurisdiction in a situation such as this would be to defeat the raison d'etre of ancillary jurisdiction. The essential purpose, of course, is to avoid multiplicity of suits and piecemeal litigation, and there is no sound reason that the court can see to require more exacting standards in this case than are applied in the many other ancillary proceedings where pendent jurisdiction is allowed without diversity of citizenship. For example, it has been held that diversity need not exist in an action between the third-party defendant and the plaintiff which is the exact converse of the instant situation.

Now, therefore, this 23rd day of September, 1968, in view of the foregoing, the plaintiff's motion for leave to amend his complaint in order to sue the third-party defendant is granted and the plaintiff will be permitted to maintain a direct action against the third-party defendant.

## ON MOTION FOR AMENDMENT OF ORDER

The immediate matter before the Court is a Petition of the third party defendants, Bethel Park Volunteer Fire Department a/k/a Bethel Volunteer Fireman's Relief Association, for an amendment of order of court entered on the 23rd day of September, 1968, which allowed the plaintiff to bring a claim against the third party defendants, for the reason that the order involves a controlling question of law in which there is a substantial ground for difference of opinion; that an immediate appeal from the order may materially advance the ultimate termination of the litigation, and to stay the proceedings in the District Court until the Court of Appeals has made a determination of the appeal.

■ There is no question but what the order entered by this court contains a basis for the conclusion that substantial ground for difference of opinion exists but I do not believe that immediate appeal from the order would in any way whatsoever materially advance the ultimate termination of the litigation nor does any basis exist to stay the proceedings in the District Court until the Court of Appeals has made a determination of the appeal.

■■ An application for a Rule 54 (b) certification is more than a formality. Under said Rule the district court must exercise considerable discretion, weighing the over-all policy against piecemeal appeals against whatever exigencies the case at hand may present. Orders should not be entered routinely or as a courtesy or accommodation to counsel; the power should be used by the district court only in the infrequent harsh case as an instrument for the improved administration of justice and more satisfactory disposition of litigation in light of public policy indicated by statute. Panichella v. Pennsylvania RR Co., 252 F.2d 452 (3 Cir.), Milbert v. Bison Laboratories, 260 F.2d 431 (3 Cir.).

There is an extreme possibility that the plaintiff or other parties will be unable to show any negligence on the part of the named third party defendants against whom the court has permitted the plaintiff to file an amended complaint, and this would be dispositive of the question. I must, therefore, conclude that to permit such an appeal is not proper or indicated under all facts and circumstances.

Now, therefore, this 27th day of September, 1968, Petition of Bethel Park Volunteer Fire Department a/k/a Bethel Volunteer Firemen's Relief Association for Amendment of Order of Court of September 23, 1968, to permit an immediate appeal from said Order, and to stay the proceedings in the District Court will be, and hereby is, denied.