**Omar AYOUB, Plaintiff,**

v.

**HELM'S EXPRESS, INC., a corporation, Defendant and Third-Party Plaintiff,**

v.

**Russell HUMES, Third-Party Defendant.**

**Civ. A. No. 68–1418.**

United States District Court
W. D. Pennsylvania.

June 17, 1969.

John E. Evans, Pittsburgh, Pa., for plaintiff.

David J. Armstrong, Pittsburgh, Pa., for defendant and third-party plaintiff.

Herbert Grigsby, Pittsburgh, Pa., for third-party defendant.

## OPINION

WEBER, District Judge.

Plaintiff moves to amend his complaint to include a cause of action against a third-party defendant who was brought on the record by the original defendant. No diversity of citizenship exists between the plaintiff and third-party defendant.

The motion will be denied for the following reasons:

1. Each of the three counts of the proposed amended complaint demands judgment for a large specific sum of money for unliquidated damages. This is surplusage and unnecessary in a federal pleading. I believe it to be a bad practice for the reasons set forth in A v. B and C v. D, 46 F.R.D. 456 [W.D.Pa., 1969].

2. There is no diversity of citizenship between plaintiff and the present third-party defendant against whom plaintiff wishes to assert a direct claim. The great weight of authority requires that there be diversity of citizenship between such parties. Although such a claim was allowed to be asserted in Buresch v. American LaFrance, 290 F. Supp. 265 [W.D.Pa.,1968], I do not believe that this opinion represents the view of a majority of the members of

this District Court or the view of the majority of the federal courts. As stated in 3 Moore's Federal Practice, § 14.27(1), "The Courts, with almost complete unanimity have taken this view." I agree with Judge Thomsen in Palumbo v. Western Maryland Rwy., 271 F.Supp. 361 [D.Md., 1967], "Federal courts should not stretch for jurisdiction, especially where the plaintiff is a citizen of the State in which the suit is filed." (p. 363).

3. The *Buresch* decision applies the doctrine of pendant jurisdiction to allow such a claim. But pendant jurisdiction is a discretionary matter. In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966], the leading case on the subject, the court stated:

> "That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendant jurisdiction is a doctrine of discretion, not of plaintiff's right." (p. 726, 86 S.Ct. at p. 1139).

Speaking of pendant jurisdiction, a three judge en banc panel in the Eastern District of Pennsylvania has noted:

> "The reason underlying the doctrine, the special competence of the federal courts to decide federal questions, simply does not exist in diversity cases, in which, under Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, federal courts are required to apply state law. The cases before us, of course, involve no federal question claims, they present only state law claims." Olivieri v. Adams, 280 F.Supp. 428 [E.D.Pa., 1968].

I concur with the policy statement of the en banc panel in *Olivieri,* supra, that while convenience and saving of time can be accomplished by having all claims redressed in one suit, that result can be obtained as a matter of right in the state courts (p. 433). In view of our crowded docket I see no reason to enlarge the business of this court to invite additional state claim litigation.

The motion to amend plaintiff's complaint will be denied.