**KENROSE MANUFACTURING COM-PANY et al., Plaintiffs,**

v.

**FRED WHITAKER COMPANY, Inc.,
Defendant and Third-Party
Plaintiff,**

v.

**KILODYNE, INC., Defendant and Third-
Party Defendant.**

Civ. A. No. 70–C–97–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 20, 1971.

Ralph Masinter, Masinter & Masinter, Roanoke, Va., for plaintiffs.

S. D. Roberts Moore, Gentry, Locke, Rakes & Moore, Roanoke, Va., and Ray-

mond R. Robrecht, Jr., Salem, Va., for Fred Whitaker Co.

B. K. Cruey, Bates, Cruey & Lee, and William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for Kilodyne, Inc.

## OPINION and ORDERS

DALTON, District Judge.

## I. ORDER AND RULING ON THIRD-PARTY PLAINTIFF'S VOLUNTARY MOTION TO DISMISS ITS THIRD-PARTY COMPLAINT AGAINST KILODYNE, INC., THIRD-PARTY DEFENDANT.

On August 17, 1970, the plaintiffs, Kenrose Manufacturing Co., a New York corporation doing business in Virginia, and a number of its employees who are residents of Virginia, filed a complaint in this court against Fred Whitaker Company, a foreign corporation with its principal place of business in Pennsylvania. That complaint alleged that the plaintiffs had been damaged by certain effluents emitted from the defendant's Roanoke plant. Fred Whitaker Company thereafter answered denying liability. On April 14, 1971, this court granted Fred Whitaker's motion requesting leave to file a third-party complaint against Kilodyne, Inc., a Virginia corporation also operating a plant in Roanoke. That third-party complaint was filed, and in it Fred Whitaker alleged that Kilodyne was or might be liable to Fred Whitaker for all or part of the plaintiffs' claim against it. On April 21, 1971, the plaintiffs, Kenrose et al., filed an amended complaint reasserting its original complaint against Fred Whitaker and adding a new complaint against Kilodyne for alleged damage caused by the emissions from Kilodyne's plant. Subsequently, Kilodyne filed an answer asserting that Fred Whitaker had failed to state grounds for jurisdiction for its third-party complaint and also denying liability. Kilodyne also filed an answer to the plaintiffs' amended complaint asserting that the requisite jurisdictional amount did not exist and also denying liability.

On September 13, 1971, the defendant and third-party plaintiff, Fred Whitaker, orally moved to enter an order dismissing without prejudice its third-party complaint against Kilodyne, the third-party defendant. At the request of this court the motion was filed in written form on September 21, 1971. This motion is made pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 41 provides for voluntary dismissal of actions in federal courts, and the provisions therein apply to voluntary dismissal of third-party complaints. F. R.Civ.P. 14(c), 28 U.S.C.A. It has been held that the allowance of a plaintiff's motion for voluntary dismissal after an answer has been filed is not a matter of absolute right, but is discretionary with the court. Blue Mountain Construction Co. v. Werner, 270 F.2d 305 (9th Cir. 1959), cert. denied, 361 U.S. 931, 80 S. Ct. 371, 4 L.Ed.2d 354 (1960); Adney v. Mississippi Lime Co., 241 F.2d 43 (7th Cir. 1957); Grivas v. Parmelee Transportation Co., 207 F.2d 334 (7th Cir. 1953), cert. denied, 347 U.S. 913, 74 S. Ct. 477, 98 L.Ed. 1069 (1954).

Under Rule 41(a) (1), a plaintiff can voluntarily dismiss his complaint without leave of court by filing a notice of dismissal any time before the adverse party's answer is served. Likewise, the plaintiff under the same section can get his complaint dismissed without leave of court by filing a stipulation of dismissal signed by all parties who have appeared in the action. Excepting the situation involving the stipulation of dismissal, the plaintiff must secure leave of court in order to dismiss his complaint after the adverse party's answer has been

served. The apparent reason for requiring leave of court is to prevent the defendant from being prejudiced by the dismissal. Rule 41(c), which provides for voluntary dismissal of third-party claims, states:

> The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

F.R.Civ.P. 41(c).

Since the third-party defendant in the case at bar has answered the third-party complaint and dismissal by stipulation has not been utilized, the provisions of Rule 41(a) (2) control the question presented by the third-party plaintiff's request to dismiss its complaint against Kilodyne. The court's action under this section is discretionary. Since this section applies to third-party complaints, the court should refrain from granting a dismissal at the request of the third-party plaintiff in situations where the third-party defendant would be prejudiced.

In the case at bar the third-party defendant, Kilodyne, has indorsed the third-party plaintiff's motion to dismiss the complaint. That indorsement states that Kilodyne has no objection to the entry of the requested order of dismissal. It therefore appears that no prejudice would result to the third-party defendant if leave was granted to dismiss the third-party complaint.

The plaintiffs, Kenrose et al., contend, however, that because of its amended complaint against the third-party defendant, the court should not allow the third-party plaintiff the requested leave to dismiss. This court does not feel that the existence of the plaintiffs' claims affect the right of the third-party plaintiff to voluntarily dismiss its third-party complaint against Kilodyne as long as Kilodyne does not object. The cases of Choate v. United States, 233 F.Supp. 463 (W.D.Okl.1964), and Silvesky v. Greyhound Corp., 174 F.Supp. 378 (E.D.N.Y.1959), cited by the plaintiffs in support of their contention that the dismissal should not be allowed are not applicable. The plaintiffs' attempt to apply the principle of those cases—that a third-party complaint should not be dismissed if there is a possibility that the third-party defendant might be liable to the third-party plaintiff—to the case at bar. However, examination reveals that the motions under consideration in those cases were motions to dismiss made by the third-party defendant, and not motions by the third-party plaintiff for voluntary dismissal.

It is therefore the opinion of this court that the third-party plaintiff's motion to dismiss is proper, and dismissal without prejudice of the third-party complaint against Kilodyne, Inc. is hereby granted.

II. ORDER AND RULING ON THE MOTION OF KILODYNE, INC. FOR DISMISSAL OF THE PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF JURISDICTION.

On September 14, 1971, Kilodyne filed a motion to dismiss the plaintiffs' amended complaint for lack of jurisdiction.

The record reveals that Kilodyne's original answer to the plaintiffs' amended complaint only raised lack of jurisdictional amount and did not attack lack of diversity of citizenship between the parties. Examination of the record reveals that with the exception of Kenrose Manufacturing Company, all plaintiffs are

residents of the State of Virginia. The record also reveals that Kilodyne, Inc., one of the defendants in the amended complaint, is a Virginia corporation. Therefore the question arises whether the plaintiffs need an independent basis of jurisdiction for their amended complaint against Kilodyne, Inc., or whether the complaint can be supported jurisdictionally on ancillary grounds since Kilodyne was brought into the action as a third-party defendant by Fred Whitaker.

Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for third-party practice in federal courts, and specifically provides in part that:

> The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12. F.R.Civ.P. 14(a).

Nowhere in Rule 14 is the requirement of an independent basis of jurisdiction specified in regard to claims by plaintiff against the third-party defendant. However, the great weight of authority requires the plaintiff to have an independent basis of jurisdiction for his claim against a third-party defendant. McPherson v. Hoffman, 275 F.2d 466 (6th Cir. 1960); Schwab v. Erie Lackawanna Railroad, 303 F.Supp. 1398 (W.D.Pa.1969); Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D.Pa.1969); Palumbo v. Western Maryland Ry., 271 F.Supp. 361 (D.Md.1967); Pasternack v. Dalo, 17 F.R.D. 420 (W.D.Pa.1955); Welder v. Washington Temperance Ass'n, 16 F.R.D. 18 (D.Minn.1954); Southwest Lime Co. v. Lindley, 12 F.R.D. 484 (W.D.Ark.1952); McDonald v. Dykes, 6 F.R.D. 569 (E.D.Pa.1947); Morris, Wheeler & Co. v. Rust Engineering Co., 4 F.R.D. 307 (D.Del.1945); Hoskie v. Prudential Ins. Co. of America, 39 F.Supp. 305 (E.D.N.Y.1941); 6 Wright & Miller, Federal Practice and Procedure § 1444, p. 229 (1971); Wright, Law of Federal Courts § 76, p. 337 (2d ed. 1970); Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27, 41; Holtzoff, Entry of Additional Parties in a Civil Action, 31 F.R.D. 101, 110.

There have been two basic reasons given in support of the majority view requiring an independent basis of jurisdiction in these cases. First, the courts have felt that a plaintiff should not be allowed to do indirectly what he cannot do directly. McPherson v. Hoffman, supra, 275 F.2d at 470. In other words, under this view, the plaintiffs in the case at bar cannot overcome the lack of diversity of citizenship between themselves and the third-party defendant simply because the third-party defendant has been impleaded by the defendant. The second reason advanced by these courts in requiring an independent jurisdictional ground is that such a requirement avoids the opportunity for collusion between a plaintiff and a defendant in order to obtain jurisdiction over a party who would not have been otherwise within the jurisdiction of the federal court. Heintz & Co. v. Provident Tradesmens Bank and Trust Co., 30 F.R.D. 171 (E.D.Pa.1962); see also 6 Wright & Miller, Federal Practice and Procedure, § 1459, p. 312 (1971).

The theory underlying these decisions requiring an independent basis of jurisdiction is that when the plaintiff amends his complaint to include a third-party defendant who has the same citizenship as the plaintiff, there is no longer a main action in which diversity exists. Hoskie v. Prudential Ins. Co. of America, 39 F.Supp. 305 (E.D.N.Y. 1941). In *Hoskie*, supra, the district court refused to apply to this type of case the rule that once the court has jurisdiction it retains jurisdiction. *Hoskie*, supra, at 306.

On the other hand, there are a few cases which would not require the plaintiff to have an independent basis of jurisdiction in order to amend his complaint to include a third-party defendant with the same citizenship. Buresch v. American LaFrance, 290 F.Supp. 265 (W.D.Pa.1968); Olson v. United States, 38 F.R.D. 489 (D.Neb.1965). These cases regard a plaintiff's claim against a third-party defendant as ancillary to the original action. In *Buresch*, supra, Judge Gourley, Chief Judge of the Western District of Pennsylvania, felt that to deny ancillary jurisdiction in a case similar to the one at bar would defeat the purpose of avoiding multiplicity of suits and piecemeal litigation. In *Olson*, supra, Judge Van Pelt of the District Court of Nebraska stated that the fact that there may be collusion in some cases should not prevent plaintiffs from asserting their complaints against the third-party defendants in all cases. This minority view favoring expansion of ancillary jurisdiction to cover the situation at bar also has apparent support from some legal writers. See 6 Wright & Miller, Federal Practice and Procedure § 1444, p. 232 (1971); Fraser, supra, 33 F.R.D. at 41–43; Holtzoff, supra, 31 F.R.D. at 110.

It should be noted, however, that there is still much disagreement on this point. For example, the *Buresch* decision originated from the Western District of Pennsylvania in 1968. Subsequent to that date two cases decided in that same district have rejected the view that no independent basis of jurisdiction is required. Schwab v. Erie Lackawanna Railroad, 303 F.Supp. 1398 (W.D.Pa. 1969); Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D.Pa.1969) (Judge Weber, District Judge, decided both cases).

It is the opinion of this court that an independent basis of jurisdiction is required to support the plaintiffs' claim against Kilodyne in the case at bar. This court agrees with the majority view that when a plaintiff amends his complaint to assert a direct claim against a third-party defendant of the same citizenship as the plaintiff, there no longer exists diversity with regard to the main action. Furthermore, this court feels that diversity existing between an original plaintiff and a defendant is required to support any claims based on ancillary jurisdiction. Since that diversity was destroyed when the plaintiff amended his complaint to assert a claim against a co-citizen, there no longer exists a basis for utilizing ancillary jurisdiction.

Furthermore, in the case at bar, the third-party plaintiff has voluntarily moved to dismiss his third-party complaint against Kilodyne. This court is of the opinion that this factor distinguishes this case from the cases following the minority view, in that, in those cases the third-party complaint was not withdrawn but remained in the action. By analogy, this court finds that the principle laid down in the case of State of Maryland to Use and Ben. of Wood v. Robinson, 74 F.Supp. 279 (D.Md.1947), applies to the case at bar. *Robinson*, supra, involved an action by Virginia citizens against citizens of Maryland in the District Court of Maryland. The defendants filed a third-party claim against alleged joint tort-feasors who were also citizens of Maryland. Subsequently, the Virginia plaintiffs and the Maryland defendant, parties to the main action, settled their dispute out of court. Afterwards, the third-party defendants filed a motion to dismiss the third-party complaint for lack of diversity jurisdiction. The court, in granting that motion, rejected the general proposition that once jurisdiction properly attaches, it will not ordinarily be defeated by changes in situation.

In the case at bar, this court feels that the same principles should apply. Since the third-party plaintiff has voluntarily moved for a dismissal of its claim against the third-party defendant,

and that motion has been granted, the basis for allowing a direct complaint by the plaintiffs against Kilodyne, without an independent basis of jurisdiction, no longer exists. That third-party complaint was the only foundation upon which the plaintiff could, relying on the minority view, support his claim that no independent basis of jurisdiction is necessary. For the above reasons, this court feels that it is without jurisdiction to decide the plaintiffs' amended complaint against Kilodyne, Inc.

■■■ The plaintiff further contends that the third-party defendant has waived his right to raise this question of jurisdiction since he answered the amended complaint without challenging the lack of diversity jurisdiction. In support of this contention the plaintiffs rely on Rule 12(h) of the Federal Rules of Civil Procedure. The plaintiffs' contention is without merit. Lack of diversity of citizenship of the parties is a lack of the federal court's subject matter jurisdiction. The third-party defendant's motion to dismiss falls therefore within Rule 12(b) (1) of the Federal Rules. A Rule 12(b) (1) motion to dismiss raises a question of the federal court's subject matter jurisdiction and is most typically used, as in this case, when there is no diversity of citizenship. A motion attacking the court's subject matter jurisdiction may be made at any time by either party or by the court *sua sponte*. If the court lacks subject matter jurisdiction, it lacks the power to hear the case. 5 Wright & Miller, Federal Practice and Procedure, § 1350 (1969). While it is true that Rule 12(h) would treat a motion to dismiss for lack of jurisdiction over the person as waived if not timely made, such is not the case when the court's subject matter jurisdiction is challenged.

For the reasons given above it is hereby ordered that the amended complaint against Kilodyne, Inc. shall be dismissed for lack of diversity of citizenship.

The court is of the opinion that this decision and order entered herein involve a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the decision and order may materially advance the ultimate determination of this litigation. This procedure is utilized pursuant to the provisions of Title 28 U.S.C. sec. 1292(b). An appeal is granted.