**FORT HOWARD PAPER COMPANY,**
Plaintiff,

v.

**AFFILIATED F. M. INSURANCE COMPANY, PROVIDENCE, RHODE ISLAND,** Defendant and Third-Party Plaintiff,

**PFEIFER & SHULTZ, INC.,** a Minnesota corporation, et al., Third-Party Defendants.

No. 73-C-20.

United States District Court,
E. D. Wisconsin.

June 20, 1973.

———◆———

Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., for plaintiffs.

Clay R. Williams, Gibbs, Roper & Fifield, Milwaukee, Wis., for Affiliated Ins.

Ames, Riordan, Crivello & Sullivan, Milwaukee, Wis., for Valley Steel & Valley Industries.

Simarski, Goodrich, Brennan & Stack, Milwaukee, Wis., for Vulcan Mfg.

Kivett & Kasdorf, Milwaukee, Wis., for Chicago Tube & Iron and C. T. & I. Corp.

Niebler & Niebler, Menomonee Falls, Wis., for Pfeifer & Schultz.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action was begun in state court to recover under a policy of insurance for the collapse of a roof while one of the plaintiff's buildings was under construction. The defendant subsequently removed the case to federal court and filed a third-party complaint naming several corporations involved with the construction of the building.

The plaintiff now seeks to amend its complaint and to add as defendants all third-party defendants and two new concerns involved in the construction. A problem arises because one of the third-party defendants and both of the parties sought to be brought in are citizens of Wisconsin, as is the plaintiff. An amendment of the complaint to name the Wisconsin defendants would destroy complete diversity and necessitate remand to the state court. Chicago Stadium Corp. v. Indiana, 220 F.2d 797 (7th Cir. 1953); Metropolis Theatre v. Barkhausen, 170 F.2d 481, 484 (7th Cir. 1948).

There is no objection from the defendant to the plaintiff's amending its complaint to assert claims against those third-party defendants which are not Wisconsin corporations. Furthermore, there is no objection from the defendant to an amendment which would assert a claim against Vulcan Mfg. Co., the third-party defendant which is a Wisconsin citizen, under a theory of ancillary jurisdiction. Buresch v. American La France, 290 F.Supp. 265 (W.D.Pa. 1968). The weight of authority, however, is so strongly against the ancillary jurisdiction position in diversity cases that it has even caused disagreement within a district where it has been recognized. See Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D.Pa.1969). In any event, the plaintiff contends that all proposed defendants are indispensable with respect to each other, and, therefore, adoption or rejection of the ancillary jurisdiction theory would be academic; allowing an amendment to include those Wisconsin citizens not now before the court would destroy the court's jurisdiction.

The principal issue presented, consequently, is whether the plaintiff's interest in avoiding multiple suits arising from a single set of factual circumstances outweighs the defendant's right to be heard in federal court following proper removal of an action started in state court. A related issue is reflected in the plaintiff's fear that refusal to allow amendment with some of the alleged tortfeasors presently before the court as third-party defendants might bar proceeding against those parties in a subsequent state action.

The right of a defendant to remove a proper case must be protected. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Thus, it is generally

recognized that a federal court should not allow an amendment or the addition of parties which would oust it of diversity jurisdiction. Alexander v. Lancaster, 330 F.Supp. 341 (W.D.La.1971); 3A Moore's Federal Practice, ¶ 21.04[2], at 21–21 (1970); 7 Wright & Miller, Federal Practice and Procedure, ¶ 1688, at 342 (1972).

The plaintiff urges, however, that the non-diverse proposed defendants are indispensable with respect to the diverse proposed defendants. It follows, the argument continues, that this court should allow amendment of the complaint and addition of the non-diverse parties—even though remand will result—rather than proceed without the presence of such indispensable parties. Authority for this view is said to be found in Ingersoll v. Pearl Assurance Co., 153 F. Supp. 558 (N.D.Cal.1957).

■ I do not find the plaintiff's arguments persuasive. The action removed to federal court is against an insurer for recovery on an insurance contract; the proposed amended complaint asserts claims against alleged tortfeasors. I am aware that the defendant, having made a part payment under the contract, would be an indispensable party to a state action by the plaintiff against the parties sought to be added here. Borde v. Hake, 44 Wis.2d 22, 170 N.W.2d 768 (1969). I am also mindful of the fact that the suits would be somewhat overlapping in that the defendant insurer will oppose some of the same parties in both suits: as third-party plaintiff in this case and as the plaintiff's subrogee in the other. The plaintiff, however, would present separate claims in the actions and would neither be allowed nor required to relitigate either of those claims. Since the multiplicity anticipated affects the defendant, who does not object to it, much more than the plaintiff, who does, I cannot say that the interest in avoiding multiplicity outweighs the defendant's interest in having a federal forum. Furthermore, while the parties sought to be added may well be indispensable with respect to each other, they are not necessary for the plaintiff to receive a complete adjudication of its rights under the policy in accordance with the claim stated in the original complaint.

■ Additionally, I believe that the plaintiff's collateral estoppel fears are insufficient to justify departing from the principle of protecting removal jurisdiction. Rule 15(b), Federal Rules of Civil Procedure, provides, in part, that issues not raised in the pleadings which are actually litigated *by consent* of the parties shall be treated as if they had been raised in the pleadings. That provision cannot apply where, as here, the plaintiff is *precluded* from asserting or trying the claims involved. Thus, Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 258 F.2d 277 (5th Cir. 1958), is inapposite.

■ Similarly, McCourt v. Algiers, 4 Wis.2d 607, 91 N.W.2d 194 (1958), and Rude v. Algiers, 4 Wis.2d 615, 91 N.W. 2d 198 (1958), suggest no serious estoppel problem in this case. Both cases recognize that a party may be estopped from asserting a claim in a subsequent action only when that claim was or could have been litigated in the former action. Denial of the motion to amend the complaint and add parties will prohibit the plaintiff from asserting or litigating tort claims in this case against the third-party defendants and the additional parties sought to be added; in view of this, a finding of estoppel in a subsequent action would seem unwarranted.

Therefore, it is ordered that the plaintiff's motion to amend the complaint in accordance with the proposed amended complaint submitted and to add as defendants the parties named therein be and hereby is denied.