Theodore C. JOSEPH, a minor, by Theodore Joseph, his guardian, et al.,
Plaintiffs,

v.

CHRYSLER CORPORATION, a corporation, and Chrysler Motor Corporation, a corporation, Defendants.

Theodore C. JOSEPH, a minor, by Theodore Joseph, his guardian, et al.,
Plaintiffs,

v.

GENERAL MOTORS CORPORATION, a corporation, Defendant and Third-Party Plaintiff,

v.

E. L. JONES DODGE, INC., Third-Party Defendant and Fourth-Party Plaintiff,

v.

CHRYSLER CORPORATION, a corporation, and Chrysler Motor Corporation, a corporation, Fourth-Party Defendants.

Theodore C. JOSEPH, a minor, by Theodore Joseph, his guardian, et al.,
Plaintiffs,

v.

E. L. JONES DODGE, INC., et al.,
Defendants.

Civ. A. Nos. 72–295, 73–24.

United States District Court,
W. D. Pennsylvania.

Dec. 17, 1973.

**348**

John E. Evans, of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

Thomas J. Reinstadtler, of Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Chrysler Corp. and Chrysler Motor Corp.

Thomas A. Lazaroff, of Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for General Motors Corp.

H. Fred Mercer, of Mercer, Buckley & Scully, Pittsburgh, Pa., for E. L. Jones Dodge, Inc.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

At Civil Actions 72–295 and 73–24, plaintiffs, citizens of Pennsylvania, brought diversity actions against Chrysler Corporation, Chrysler Motor Corporation, and General Motors Corporation under § 402A, Restatement (Second) of Torts. These actions were consolidated for trial.

In Civil Action 73–24, General Motors brought a third-party action against E. L. Jones Dodge, Inc. (Jones), a corporate citizen of Pennsylvania.[1]

Subsequently, the plaintiffs filed a Complaint, *inter alia* against Jones, the third-party defendant who had been brought on the record by General Motors, the original defendant. This action was brought under § 402A and general negligence.

Jones moved to dismiss. We are of the opinion that the plaintiffs' complaint against Jones, as a defendant, should be dismissed for lack of jurisdiction. Of course, Jones remains in the case as a third-party defendant.

▮ It has been decided that under Rule 14(a), Fed.R.Civ.P., jurisdictional facts must exist between the plaintiff and a third-party defendant before the plaintiff is permitted to add the third-party defendant as a direct defendant. Corbi v. United States, 298 F.Supp. 521 (W.D.Pa.1969), and the numerous authorities cited therein,[2] including five cases decided by the Third Circuit. As stated in 37 A.L.R.2d § 9[a], at page 1430:

"The court have held, with almost complete uniformity, that an amendment of the plaintiff's complaint so as to assert a claim against the third-

---

1. Claims for indemnity and contribution have been asserted by Jones against Chrysler Corporation, Chrysler Motor Corporation and General Motors Corporation, and Chrysler Corporation and Chrysler Motor Corporation have reciprocated by filing similar claims against Jones.

2. Contra: Buresch v. American LaFrance, 290 F.Supp. 265 (W.D.Pa.1968); Union Bank & Trust Co. v. St. Paul Fire & Marine Insurance Co., 38 F.R.D. 486 (D.C.Neb. 1965).

party defendant destroys the court's jurisdiction, where the plaintiff and the third-party defendant have a common citizenship." (Citations omitted.)

In accord are Mickelic v. United States Postal Service, 367 F.Supp. 1036 (W.D. Pa.1973); Schwab v. Erie Lackawanna Railroad Co., 303 F.Supp. 1398 (W.D.Pa.1969); Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D.Pa. 1969). In Wright & Miller, Federal Practice and Procedure: Civil § 1444, at page 229, it is stated:

> "Rule 14 further permits the original plaintiff to assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the original defendant. However, most cases that have dealt with the issue have held that such a claim may be interposed only if it meets independent jurisdictional requirements." (Footnotes omitted.)

See also: 3 Moore's Federal Practice ¶ ¶ 14.27 [1], page 721.

In the action against Jones, the plaintiffs not only sue under § 402A, i. e., for injuries caused by an unreasonably dangerous defect existing at the time of the sale of the Dodge car by Jones to plaintiffs, but also under general negligence for failure *thereafter to properly service and repair the car, and failure to inspect at the time of subsequent repairs requested by plaintiff*. Thus, an already complex case would be burdened by a separate and independent claim for damages brought only against Jones, based on operative facts at a time period subsequent to the operative facts of the § 402A claim brought against General Motors. These considerations work against an exercise of discretion to permit the action brought by plaintiffs against Jones to be viewed as pendent, and it certainly could not be viewed as ancillary.

An appropriate order will be entered.

