Thomas **ELMER** and Beverly Elmer, Plaintiffs,

v.

**PFEIFER & SHULTZ, INC.**, a Minnesota corporation, et al., Defendants.

**PFEIFER & SHULTZ, INC.**, a Minnesota corporation, Third Party Plaintiff,

v.

**FORT HOWARD PAPER CO.**, a domestic corporation, et al., Third Party Defendants.

No. 72-C-641.

United States District Court, E. D. Wisconsin.

Feb. 28, 1974.

See also D.C., 360 F.Supp. 731.

Frisch, Dudek, Slattery & Denny by William A. Denny, Milwaukee, Wis., for Elmer, plaintiff.

Niebler & Niebler, Menomonee Falls, Wis., for Pfeifer & Shultz.

Kivett & Kasdorf, Milwaukee, Wis., for Chicago Tube & Iron.

Ames, Riordan, Crivello & Sullivan, Milwaukee, Wis., for Valley Steel Products and Valley Industries.

Everson, Whitney, O'Melia, Everson & Brehm, Green Bay, Wis., and Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., for Fort Howard Paper Co.

Simarski, Goodrich, Brennan & Stack, Milwaukee, Wis., Edgarton & Hobbs, Fond Du Lac, Wis., for Vulcan Mfg. Co.

Denissen, Kranzush, Stodola & Mahoney, Green Bay, Wis., Edgar E. Becker, Appleton, Wis., for Appleton Erecting Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Fort Howard Paper Company, a third party defendant, seeks leave of the court to file an amended answer containing a counterclaim and cross claims. The amended pleading would also add additional parties and assert claims against them. Several of the parties against whom claims are to be asserted are Wisconsin corporations, as is Fort Howard.

In Fort Howard Paper Co. v. Affiliated F. M. Insurance Co., Case No 73–C–20, 60 F.R.D. 62, (E.D.Wis.), which arose out of the same facts, Fort Howard sought to amend its complaint to assert claims against several third party defendants. The third party defendants involved in that case are, for the most part, the same parties involved in the instant motion. Fort Howard's motion was denied in 73–C–20. Allowing the amendment would have destroyed diversity, the basis for jurisdiction asserted in both cases. It was found that the defendant's right to be heard in federal court following removal outweighed the plaintiff's interest in avoiding the potential of multiple suits. It was also found that there was no realistic fear of collateral estoppel principles barring a subsequent state court suit by Fort Howard against those same parties.

Fort Howard's motion in the instant case is not supported by a brief. The cover letter submitted with the motion suggested that the motion be denied on the same basis as the denial in 73–C–20. Presumably the purpose of the motion, along with the anticipated denial, is to make a record with respect to any potential claim of collateral estoppel based on this case as well.

Unfortunately, I am unable to adopt the movant's suggestion and mechanically deny the motion on the basis of 73–C–20. Indeed, I believe the situation at hand is quite different from the earlier case, and there may be authority for the proposition that the amendment should be allowed.

The ancillary jurisdiction theory has been largely rejected in diversity cases if the claim involved is to be asserted by the plaintiff against a citizen of the same state. Compare Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D. Pa.1969), with Buresch v. American LaFrance, 290 F.Supp. 265 (W.D.Pa. 1968). A third party claim, however, is based on the contention that the third party defendant is liable only to the original defendant; therefore it is nor-

mally regarded as ancillary to the plaintiff's claim. Consequently, it is often said that no separate jurisdictional basis need be asserted for such a claim, and that common citizenship between the third party plaintiff and third party defendant will not deprive the court of jurisdiction. 3 Moore's Federal Practice ¶ 14.26, at 703. Similar reasoning is often applied to a compulsory counterclaim or cross claim asserted by a third party defendant. See 3 Moore's Federal Practice ¶ 14.27[3], at 726; ¶ 13.15[1], at 13–381; ¶ 13.36, at 13–925. With respect to a third party defendant adding and asserting claims against new parties, "the ancillary jurisdiction doctrine applies to fourth-party actions to the same extent as it does to third-party actions." Wright & Miller, Federal Practice and Procedure: Civil § 1461, at 326 (1971).

It appears, therefore, that the motion to amend in the instant case does not share the same footing with the motion to amend in case number 73–C–20. There may be authority for granting the present motion. It is possible, of course, that the facts involved would warrant a different result. I do not have the benefit of counsel's views on the matter, however, so I am presently unable to make that determination fairly. The absence of briefs probably stems from the pessimistic manner in which the motion was submitted. In order to resolve this problem, I will delay resolving the motion until counsel have had an opportunity to state and support their positions.

Therefore, it is ordered that the movant, the third party defendant Fort Howard Paper Compay, serve and file a brief in support of its motion within 10 days of this date.

It is further ordered that all parties who wish to respond to the motion serve and file answering briefs within 14 days of receipt of the movant's brief.

It is also ordered that if the movant elects to file a reply brief, service and filing of that brief be accomplished within 10 days of receipt of the answering briefs.