Barbara E. HADINGER, Executrix of the
Estate of Raymond K.
Ibbotson, Deceased

v.

BENTLEY LABORATORIES, INC.

v.

ALLENTOWN AND SACRED HEART
HOSPITAL CENTER, INC., and
Antonio C. Panebianco.

Civ. A. No. 75–2815.

United States District Court,
E. D. Pennsylvania.

March 7, 1977.

Martin H. Philip, Allentown, Pa., for plaintiff.

M. H. Scoblionko, W. C. Worth, Jr., Allentown, Pa., for Panebianco.

J. E. Roberts, Allentown, Pa., for hospital.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The third-party defendants have here filed a motion to dismiss the plaintiff's direct complaint filed against the third-party defendants for lack of jurisdiction. By order dated December 21, 1976, we granted said motion and dismissed the direct complaint thus filed by the plaintiff against the additional defendants. Reconsideration was sought by the plaintiff, supporting memoranda filed with the Court, and oral argument heard.

Briefly spoken, we are faced with a majority view holding that the discretionary exercise of ancillary jurisdiction under such circumstances is not warranted, *Olivieri v.*

*Adams, et al.,* 280 F.Supp. 428 (E.D.Pa. 1968); *Rosario v. American Export-Isbrandtsen Lines, Inc. v. United States,* 395 F.Supp. 1192 (E.D.Pa.1974); *Joseph v. Chrysler Corp.,* 61 F.R.D. 347 (W.D.Pa. 1973); *Mickelic v. United States Postal Service,* 367 F.Supp. 1036 (W.D.Pa.1973); *Ayoub v. Helm's Express, Inc.,* 300 F.Supp. 473 (W.D.Pa.1969); *Heintz & Co. v. Provident Tradesmens Bank and Trust Company,* 30 F.R.D. 171 (E.D.Pa.1962), and a minority view holding otherwise: *CCF Industrial Park, Inc. v. Hastings Industries, Inc., et al.,* 392 F.Supp. 1259 (E.D.Pa.1975); *Buresch v. American LaFrance,* 290 F.Supp. 265, 267 (W.D.Pa.1968); see also Order of Ditter, J., filed February 3, 1975, in *Acme Manufacturing Co. v. Powrmatic, Inc., and Honeywell Inc.,* C.A. No. 73–131, denying the motion of third-party defendant to dismiss plaintiff's claim against it for lack of diversity.

■ In his well-written memorandum in *CCF Industrial Park, Inc.* Judge Huyett points out that the question is one of "trial court discretion" considering, along with all other facts, the possibility of "collusion" between the plaintiff and defendant. Collusion, although argued, has not been established on the present record. That, however, is not completely determinative for the reason that actions are here pending in the state courts involving precisely the same subject-matter and the same parties although in different capacities. The progress of pending litigation in the state courts should not be interfered with by this Court in the exercise of its discretionary power under the doctrine of ancillary jurisdiction. Thus, our prior order appears to have been entirely justified and warranted.

■ However, the plaintiff now raises questions as to whether the issues existing between the plaintiff and the third-party defendants will in fact be decided in the state courts. Thus, the exercise of the discretionary power vested in this Court should await that point in time when in retrospect it can be determined whether the issues raised by the plaintiff are real or assumed so long as the trial of the case is not thereby delayed in either court. Also at that time, the allegation of collusion can best be determined on the basis of what has in fact occurred.

Accordingly, believing that the exercise of this Court's discretionary power should await further developments and can thus be exercised on an informed basis at or shortly prior to attachment for trial in this Court, we shall vacate the order entered December 21, 1976, and deny the third-party defendants' motion to dismiss without prejudice in accordance with order hereto attached.