**INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation, Plaintiff,**

**v.**

**BLINDAUERS SHEET METAL AND HEATING COMPANY, a Wisconsin corporation, et al., Defendants.**

**No. 73–C–353.**

United States District Court, E. D. Wisconsin.

Nov. 8, 1973.

Walter E. Brown, Milwaukee, Wis., for plaintiff.

Denissen, Kranzush, Stodola & Mahoney by E. D. Kranzush, Green Bay, Wis., for Blindauers.

Cohen, Grant, Liebmann & Conway by Meyer M. Cohen, Green Bay, Wis., for Kurowski.

Borgelt, Powell, Peterson & Frauen by Edmund W. Powell, Milwaukee, Wis., for Wis. Pub. Ser.

Fulton, Menn & Nehs by Peter S. Nelson, Appleton, Wis., for Foeller Construction Company.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on James Kurowski's motion to intervene as of right, as an indispensable party, pursuant to Rules 19(b) and 24, Federal Rules of Civil Procedure. Mr. Kurowski originally applied to this court for an order permitting his intervention for the limited purpose of staying further proceedings in this matter. In a letter dated October 9, 1973, I requested Mr. Kurowski and the parties to this action to

address themselves to the following issues:

"1. Is Mr. Kurowski an 'indispensable party' for purposes of Rule 19(b), Federal Rules of Civil Procedure?

"2. Should his application be considered an 'intervention of right', pursuant to Rule 24?

"3. If diversity is destroyed through the joinder or intervention of Mr. Kurowski, upon what basis may this court maintain jurisdiction in this matter?"

The parties have submitted their positions with regard to these issues, and Mr. Kurowski has filed the instant motion for orders first making him a full party plaintiff in this action and then dismissing this action for the failure of complete diversity. I conclude that Mr. Kurowski's motion should be granted.

James Kurowski was injured in an industrial accident at Green Bay, Wisconsin, on December 21, 1972. On July 3, 1973, against Mr. Kurowski's wishes, his employer's workmen's compensation insurance carrier, Insurance Company of North America (INA), filed this third party action. There can be no doubt concerning Mr. Kurowski's right to intervene in this action. § 102.29(1), Wis.Stats. (1971), provides in pertinent part that:

"Each (the injured employee and the compensation carrier) shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending. . . ."

■ When, as here, original federal jurisdiction is founded upon diversity of citizenship, it is essential that there be diversity of citizenship between the parties plaintiff on one side and the parties defendant on the other. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806).

■ If the party lacking the requisite diversity is an indispensable party to the proceeding, the federal court loses jurisdiction over the entire proceeding. On the other hand, if the party lacking the requisite diversity is only a necessary and not an indispensable party, the suit may proceed in the federal court without the presence of the party lacking the requisite diversity.

■ There is no over-all prescribed formula for determining whether a person is an indispensable party, since that matter can be determined only in the context of particular litigation. Providential Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), on remand, 411 F.2d 88 (3rd Cir. 1969). Two threshold considerations going to the question of whether a party is indispensable are: 1) whether relief can be afforded to the plaintiff without the presence of the other party; and 2) whether the case can be decided on its merits without prejudicing the rights of the other party. See Sandobal v. Armour and Company, 429 F.2d 249 (8th Cir. 1970).

■ By statute, Mr. Kurowski has the right to an "equal voice in the prosecution" of his claim. Detailed affidavits before the court indicate that a struggle is currently being engaged in as between the plaintiff INA and the applicant Kurowski for control of the cause of action. It is obvious that a "dispute" of the type contemplated in § 102.29(1), Wis. Stats. (1971) has arisen in the prosecution of this case as between the respective claimants, INA and Kurowski. See Huck v. Chicago, St. P., M. & O. R. Co., 14 Wis.2d 445, 111 N.W.2d 434 (1961).

Neither the exercise by Mr. Kurowski of his right to an equal voice in the prosecution of this claim, nor the resolution of the dispute between the claimants, should be prevented merely because one claimant has won the race to a forum which is not open to the other. However, a finding that Mr. Kurowski is not an indispensable party to this action, and, therefore, not allowed to intervene here as of right, would operate to

create just such an anomalous and untenable situation.

In addition, it should be noted that Mr. Kurowski would be bound by a judgment in the instant action. § 102.-29(1), Wis.Stats. (1971), provides that:

". . . the liability of the tortfeasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting said claim. . . . ."

Finally, since both claimants can be joined in a third party action in a state court, the dismissal of this case for failure to join a non-diverse and indispensable party will not prejudice the plaintiff, INA. See Bloch v. Sun Oil Corporation, 335 F.Supp. 190 (D.C.Okl.1971). For these reasons, I conclude that Mr. Kurowski is an indispensable party whose joinder as a party plaintiff in this action is required as of right.

INA cites several cases for the proposition that, where federal jurisdiction is established in the original suit, an intervenor need not meet the jurisdictional requirements; whether his intervention is permissive or of right, the intervenor does not oust the court of its jurisdiction. See Chalmers v. United States, 43 F.R.D. 286 (D.Kan.1967); Berman v. Herrick, 30 F.R.D. 9' (E.D.Pa.1962); Hartley Pen Co. v. Lindy Pen Co., 16 F. R.D. 141 (S.D.Cal.1954); Smith Land Company v. Fuhriman, 36 F.Supp. 667 (E.D.Idaho, 1940). These cases represent a minority view, however, and their approach to the question of ancillary jurisdiction will not be followed by this court under the circumstances of this case. See Fort Howard Paper Co. v. Affiliated F. M. Insurance Co. v. Pfeifer & Schultz, Inc. et al., 60 F.R.D. 62 (E.D. Wis., decided June 20, 1973). Cf. Reliance Insurance Company v. Wisconsin Natural Gas Company, 60 F.R.D. 429 (E.D.Wis., decided August 14, 1973); Ayoub v. Helm's Express, Inc., 300 F. Supp. 473 (W.D.Pa.1969).

Therefore, it is ordered that the applicant's motion to intervene as of right, as an indispensable party to the prosecution of this action, be and hereby is granted.

It is also ordered that this action be and hereby is dismissed for want of jurisdiction.