**MARMON/KEYSTONE CORPORATION, Plaintiff,**

v.

**Omar C. ROWLEY, Margie L. Berrie, and United States Fidelity and Guaranty Company, Defendants,**

and

**Clarence R. Newsom, Intervenor.**

**Civ. A. No. 83–2024.**

United States District Court, D. Kansas.

Dec. 2, 1983.

Larry J. Austin, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, Kan., for plaintiff.

William D. Wingfield, Shawnee Mission, Kan., for intervenor.

Michael Seck, Larry G. Pepperdine, James P. Nordstrom, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is presently before the court on the defendants' motion for summary judgment. This lawsuit arises out of a highway traffic accident on January 8, 1982, involving Clarence R. Newsom, who was operating a semi-tractor trailer owned by the plaintiff, Marmon/Keystone Corporation, and defendant Omar C. Rowley, who was operating a semi-tractor trailer unit owned by defendant Margie L. Berrie. As a result of the accident, Newsom was injured, and the semi-tractor trailer unit owned by Marmon/Keystone was extensively damaged. As Newsom's employer, plaintiff Marmon/Keystone has paid benefits to him under the Workers Compensation Act and may be required to pay additional medical expenses in the future. Because Newsom did not bring an action against the defendants within one year of the accident, pursuant to K.S.A. 44–504, plaintiff Marmon/Keystone commenced this lawsuit on February 2, 1983. Jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332, between the plaintiff (a Delaware corporation) and the individual defendants (Kansas residents) and their Maryland insurance company. On April 12, 1983, Newsom moved the court for leave to intervene as a party plaintiff. On May 16, 1983, the court granted Newsom's motion to intervene.

On June 16, 1983, the defendants filed their motion for summary judgment, pursuant to Fed.R.Civ.P. 56(c), on the ground that the addition of Newsom, a Kansas

resident, destroyed complete diversity among the parties and thereby deprived the court of subject matter jurisdiction. In response, Newsom and the plaintiff argue that because Newsom intervened in this action rather than being joined by one of the other parties, no independent basis of jurisdiction is required (*i.e.* that there need not be diversity of citizenship between Newsom and the defendants).

■ At least prior to the 1966 amendments to the Federal Rules of Civil Procedure, it was well-established that where intervention is of right a court can exercise ancillary jurisdiction, and there need be no independent jurisdictional grounds to support the intervenor's claim. *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531, 540 (8th Cir.1970); 7A C. Wright and A. Miller, *Federal Practice & Procedure* § 1917, at 590–591 (1972); J. Moore, *Moore's Federal Practice* ¶ 24.18[3] (2d Ed. 1982). Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention: intervention of right and permissive intervention.

(a) *Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) *when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.*

(b) *Permissive intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense in the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice adjudication of the rights of the original parties.

Fed.R.Civ.P. 24 (emphasis added).

Although the 1966 amendments to the Federal Rules of Civil Procedure liberalized and broadened the scope of intervention of right under Fed.R.Civ.P. 24(a), we believe that this amendment does not impair the court's ability to exercise ancillary jurisdiction over a party who has intervened as of right. *See Snyder v. Harris,* 394 U.S. 332, 336, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969); 7A C. Wright and A. Miller, *supra* § 1917, at 598.

■ We conclude that Newsom was entitled to intervention of right, pursuant to Fed.R.Civ.P. 24(a)(2). Although the plaintiff, as Newsom's employer, has a right to bring an action in Newsom's absence, K.S.A. 44–504, the plaintiff's interest in this lawsuit is limited to the extent of its subrogation interest—the extent to which it has paid and will pay benefits to Newsom under the Workers' Compensation Act. Thus, to the extent that Newsom's damages exceed the amounts he has received in workers' compensation payments, his interest is not adequately represented by the plaintiff and disposition of this lawsuit in his absence would clearly impair or impede his interest. Newsom therefore falls within the letter and the spirit of Fed.R.Civ.P. 24(a)(2).

Because we find that Newsom intervened of right, we do not consider whether permissive intervention under Fed.R.Civ.P. 24(b) requires independent jurisdictional grounds. We note that although there was a case in this district in which it was suggested that a court can exercise ancillary jurisdiction over a permissive intervenor, *Chalmers v. United States,* 43 F.R.D. 286, 289–90 (D.Kan.1967) (Templar, J.), this position has been widely criticized by the commentators. *See* 7A C. Wright and A. Miller, *supra* § 1917, at 590–95 (1972); 3B A. Moore, *supra* ¶ 24.18[3]; *see also* 13 C. Wright, A. Miller, and E. Cooper, *Federal Practice & Procedure* § 3608, at 658 (1975).

■ Although we have concluded that Newsom was entitled to intervene of right, pursuant to Fed.R.Civ.P. 24(a)(2), our inquiry into the existence of jurisdiction in this case is not ended. There exists an exception to the ancillary jurisdiction of the

court where the intervenor of right is so related to the action that he is "indispensable" within the meaning of Fed.R.Civ.P. 19(b). 7A C. Wright and A. Miller, *supra* § 1917, at 601–602; A. Moore, *supra* ¶ 24.-18[3], at 24–204. This exception creates the anomaly that a person who is merely "necessary" to the litigation under Fed.R.Civ.P. 19(a) can intervene as of right under Fed.R. Civ.P. 24(a)(2) and invoke the court's ancillary jurisdiction, whereas the court could not order this person to be joined, because his joinder would defeat jurisdiction. 7A C. Wright and A. Miller, *supra* § 1917, at 601–605.

The defendants in the instant case argue vehemently that Newsom is an indispensable party to this action. In support of this contention, the defendants have cited numerous cases construing Kansas law to the effect that in an action under K.S.A. 44–504 the employer is merely a statutory representative of the injured employee and that where the employee joins in the action he is the "real party in interest." *See, e.g., Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968); *Miller v. Leavenworth-Jefferson Electric Coop., Inc.,* 653 F.2d 1378, 1383 (10th Cir.1981). We do not deem this fact to be controlling in determining whether Newsom is an indispensable party.

Defendants also cite *Insurance Co. of North America v. Blindauers Sheet Metal & Heating Co.,* 61 F.R.D. 323 (E.D.Wis.1973), for the proposition that an employee-intervenor in a workers' compensation subrogation action is an indispensable party. Because the question whether a person is indispensable "can only be determined in the context of particular litigation," *Provident Bank v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1967), we are not necessarily bound by the decision of the court in *Blindauers.* Rather, we must determine whether in light of the facts and circumstances of the case at bar Newsom is an indispensable party within the meaning of Fed.R.Civ.P. 19(b).

Rule 19(b) provides as follows:

(b) *Determination by court whenever joinder not feasible.* If a person as de-

scribed in subdivision (a)(1)–(2) hereof cannot be made a party, *the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed,* the absent person being thus regarded as indispensable. The factors to be considered by the court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(Emphasis added.)

We note that neither the plaintiff nor the defendants would be prejudiced by the absence of the injured employee, Mr. Newsom. The only possible prejudice, which we discussed *supra* in holding that Newsom was entitled to intervention of right, pursuant to Fed.R.Civ.P. 24(a)(2), would be to Newsom to the extent that his damages exceeded the amount he has received under workers' compensation. This prejudice would, of course, be avoided if it were determined that Newsom's damages did not exceed his payments under workers' compensation. In such an event, a judgment rendered in Newsom's absence would be adequate. It appears that if the action were dismissed for nonjoinder of Newsom as an indispensable party, the plaintiff would have an adequate remedy in state court, where all the parties could be joined. In sum, two of the factors weigh in favor of treating Newsom as an indispensable party: the possibility of prejudice to Newsom's interest and the availability of an adequate state forum in which all the parties can be joined. Our inquiry does not end here, however.

The guiding principle for determining whether a party is "indispensable" under Fed.R.Civ.P. 19(b) is "whether in equity and good conscience the action should proceed

among the parties before [the court] or should be dismissed." Accordingly, the four factors set out in the text of Rule 19(b) "are not intended to exclude other considerations which may be applicable in particular situations." Notes of Advisory Committee on 1966 Amendments to Rules [reported in U.S.C.S. Rules of Civil Procedure, Rule 19, at p. 570 (1974)]. In this particular situation, we believe that an additional factor must be considered, namely the fact that the Kansas statute, K.S.A. 44–504, expressly authorizes the employer to bring an action in the absence of the injured employee. In light of this legislative determination that the lawsuit could proceed in his absence, we are not persuaded that Newsom is an indispensable party within the meaning of Fed.R.Civ.P. 19(b). We note also that the defendants' argument that Newsom is indispensable is undercut by their failure to raise this argument by means of a motion to dismiss prior to Newsom's intervention in this lawsuit. In light of all the circumstances of this case, we are unable to conclude that in equity and good conscience the action could not proceed among the original parties in the absence of Newsom, the injured employee. Therefore, Newsom is not an "indispensable" party.

Because Newsom is not an indispensable party, the court may exercise ancillary jurisdiction over Newsom, as an intervenor of right, pursuant to Fed.R.Civ.P. 24(a)(2). No independent jurisdictional grounds are required. Accordingly, the defendants' motion for summary judgment on the ground of lack of diversity jurisdiction must be denied.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be and hereby is denied.