**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, U.A.W., LOCAL 1500**

v.

**BRISTOL BRASS COMPANY, et al.**

**Civ. No. H–87–980 (PCD).**

United States District Court,
D. Connecticut.

Jan. 3, 1989.

**432**

J. William Gagne, Jr., Hartford, Conn., for plaintiff.

John F. FitzGerald, Cranmore & Fitzgerald, Hartford, Conn., for defendants.

## RULING ON STATUS OF DEFENDANT BRISTOL BRASS COMPANY AS AN INDISPENSABLE PARTY

DORSEY, District Judge.

Plaintiff-labor organization brought this action for breach of contract and fraudulent conveyance against Eastern Rolling Mills, Inc. ("Eastern"), premising jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff alleged itself to be a Connecticut citizen and Eastern to be a company incorporated under the laws of New York. Plaintiff grounded Eastern's liability for Bristol Brass Company's ("Bristol") conduct on the former's status as a parent corporation of its wholly owned subsidiary Bristol.

Bristol was a manufacturing corporation, which was organized under the laws of Connecticut. The Secretary of State terminated Bristol's corporate status on August 30, 1985. On March 7, 1988, plaintiff moved to amend the complaint to join Bristol as a defendant. Joinder of Bristol would destroy diversity jurisdiction. It has been well established that, where more than one plaintiff or defendant exists, there must be complete diversity of citizenship between the parties opposed in interest in order for a federal court to obtain diversity jurisdiction. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69–70, 62 S.Ct. 15, 16–17, 86 L.Ed. 47 (1941). However, if a party is "indispensable," it must be joined even if such joinder causes the court to lose jurisdiction over the case. *Milligan v. Anderson*, 522 F.2d 1202, 1204 (10th Cir.1975); Fed.R.Civ.P. 19(b). Therefore, this court must determine whether Bristol is an indispensable party.[1] If it is an indispensable party, the action must be dismissed. If Bristol is not an indispensable party, only the action against it should be dismissed. *LaFontaine v. Western Galleria Hotel*, Civil No. H–86–589 (D.Conn. Apr. 11, 1988), Order Re Motion to Reconsider at 1; *Samaha v. The Presbyterian Hosp. in City of New York*, 757 F.2d 529, 531 (2d Cir.1985).

An indispensable party is one who must be joined because his nonjoinder is so prejudicial, both to his rights and to those of the parties already joined, that the action cannot continue without him. *Jones Knitting Corp. v. A.M. Pullen & Co.*, 50 F.R.D. 311, 314 (S.D.N.Y.1970); *Wright Farms Const.*,

---

1. Briefs on this issue were requested by the court's prior ruling—familiarity with which is assumed.

*Inc. v. Kreps,* 444 F.Supp. 1023, 1028 (D.Vt.1977); Fed.R.Civ.P. 19(b). Whether a party is indispensable or not is a fact specific analysis. *See Marmon/Keystone Corp. v. Rowley,* 100 F.R.D. 384, 387 (D.Kan.1983); *Insurance Co. of North America v. Blindauers Sheet Metal & Heating Co.,* 61 F.R.D. 323, 324 (E.D.Wis. 1973). We must, therefore, determine whether, in light of the facts and circumstances of this case, Bristol is an indispensable party within the meaning of Fed.R. Civ.P. 19(b).

Rule 19 was designed to protect several policy considerations: (1) the public interest in hindering multiple and repetitive litigation; (2) the interest of the present parties in procuring full and effective relief from just one action; and (3) the interest of the non-present party in avoiding the possible prejudicial effect of trying the case in its absence. *U.S.I. Properties Corp. v. M.D. Const. Co.,* 860 F.2d 1, 7 (1st Cir.1988); *Acton Co. of Massachusetts v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968). If, after the application of the criteria enumerated in Rule 19(a), it has been settled that the absent party is conditionally necessary, but his joinder would destroy diversity, the court must consider the factors set out in Rule 19(b). *See Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78, 85–86 (4th Cir.1973), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974). We, therefore, look to Rule 19(b).

The leading principle for resolving whether a party is indispensable pursuant to Fed.R.Civ.P. 19(b) is "whether in equity and good conscience" the court should proceed with the parties who remain before it. There are four factors delineated in Rule 19(b) which the court must consider:

First, to what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in

the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.* It should be noted, however, that the four factors established in Rule 19(b) "are not intended to exclude other considerations which may be applicable in particular situations." Fed.R.Civ.P. 19, Notes of Advisory Committee on 1966 Amendments.

■ The facts disclosed in the record indicate that Bristol may be a necessary party, but not an indispensable party. Merely because one may have an interest in the subject matter of an action, or some forms of relief might not be available due to the absence of a party, does not mean that person is an indispensable party. *See, e.g., Smith v. United Brotherhood of Carpenters,* 685 F.2d 164 (6th Cir.1982).

Similarly, the mere fact that Bristol was the subsidiary of Eastern does not make it an indispensable party. *See Gertner v. Hospital Affiliates Int'l, Inc.,* 602 F.2d 685, 688–89 (5th Cir.1979). Bristol is a forfeited subsidiary corporation that is insolvent and possesses no assets to support any judgment against it. Since any judgment for or against Eastern does not affect Bristol in any way, and would not bind Bristol, Bristol is not a real party in interest. Where "a litigant is not a real party in interest or is purely a nominal or formal party," its interest in the action may be overlooked in determining jurisdiction. *Fletcher v. Advo Systems,* 616 F.Supp. 1511, 1513 n. 6 (E.D.Mich.1985), citing *Salem Trust Co. v. Manufacturers Fin. Co.,* 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924), and 6 Wright & Miller, *Federal Practice & Procedure,* § 1556 at 710 (1981).

It has been held that the joinder of the wholly-owned subsidiary of a corporate defendant was not even conditionally necessary under Rule 19(a) where it was not shown that the defendant's rights to indemnity or contribution from its wholly owned subsidiary, if any, would be lessened if the court entered judgment against it. *Heinrich v. Goodyear Tire & Rubber Co.,* 532

F.Supp. 1348, 1359–60 (D.Md.1982). Since the subsidiary corporation was not even conditionally necessary, the court did not consider Rule 19(b). But a similar analysis can be applied to the case at bar. If plaintiff prevails against Eastern, plaintiff will not suffer diminished relief. Any judgment against Eastern can be satisfied by Eastern. Since Bristol is insolvent, there is no relief to be recovered from it. The union could, therefore, be completely satisfied by a judgment against Eastern. *See U.S.I. Properties Corp.*, 860 F.2d at 7 (guarantor is not an indispensable party for purposes of Rule 19 where adequate relief was available); *Bedel v. Thompson*, 103 F.R.D. 78 (S.D.Ohio 1984) (bankrupt corporation was not indispensable where initial defendant was capable of providing complete relief); *Dernick v. Bralorne Resources, Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981) (wholly-owned subsidiary was not an indispensable party since a judgment against parent would have no effect on subsidiary). Eastern has not identified any way in which its interests would be impaired by the absence of Bristol from this action. If Eastern prevails, further suit against it by plaintiff would be barred by *res judicata*. There has been no issue of indemnity raised as against Bristol. Further, Eastern has not shown that Bristol's dismissal will hamper Eastern's ability to defend itself in this action. *See Heinrich*, 532 F.Supp. at 1359.

Although in *Amarillo Oil Co. v. Mapco, Inc.*, 99 F.R.D. 602 (N.D.Tex.1983), the subsidiary corporation was held to be an indispensable party, the facts of that case are inapposite. There, the subsidiary owned the property which was the subject of the action and would have been prejudiced by judgment in its absence. In addition, judgment rendered in the absence of the subsidiary corporation would have been inadequate since the parties would have been deprived of the relief sought, i.e., transfer of the property. *Id.* at 607. In the instant case, none of the three parties would be prejudiced by a judgment rendered in the absence of Bristol. Bristol, as a forfeited corporation, has no rights, interests, or property it wishes to assert or protect.

Indeed, it has failed to appear and has been defaulted in this action. Neither of the original parties claims that they would be in any prejudiced by the absence of Bristol, nor does this court see that either party would be. Furthermore, there is little danger of repetitive proceedings because, should the issues in this action be determined adversely to plaintiff, it would likely be precluded from bringing an action against Bristol either by the statute of limitations or by *res judicata*. Even were it not so precluded, such a provision could be made part of the judgment, as a condition of permitting the action to go forward.

■ Defendant argues that Bristol is an indispensable party because (1) plaintiff's failure to file a timely memorandum of law demonstrates its tacit admission that Bristol is an indispensable party; and (2) plaintiff affirmatively pled that Bristol is an indispensable party by previously referring to it as an "essential party." Defendant's first argument has no merit. Plaintiff requested, as it was entitled to, an extension of time. The motion was granted and plaintiff thereafter filed its memorandum. Defendant has not provided the court with any support, case law or other, which suggests that a request for an extension is a tacit admission of a substantive issue, nor is this court aware of any. With respect to defendant's second argument, it is erroneous to suggest that plaintiff's use of the generic term "essential" was meant to be equivalent to "indispensable." Plaintiff never argued that Bristol was an indispensable party and did not refer to Rule 19(b) in arguing for remand.

### Conclusion

In light of all the circumstances of this case, the court is unable to conclude that in equity and good conscience the action could not proceed between the original parties without Bristol. Therefore, Bristol is not an "indispensable party" and may be dismissed from this action. In the absence of Bristol, diversity jurisdiction exists between the two original parties. Therefore, for the foregoing reasons, the action is

dismissed solely as to defendant Bristol Brass Company for lack of jurisdiction.

SO ORDERED.

Dated at Hartford, Connecticut, this 3rd day of January, 1989.